# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-3548

WILLIAM SHADE, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided November 2, 2010)

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the brief for the appellant.[1]

*Will A. Gunn*, General Counsel, *R. Randall Campbell*, Assistant General Counsel, *Leslie C. Rogall*, Deputy Assistant General Counsel, and *Michael G. Imber,* all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and LANCE, *Judges*.

MOORMAN, *Judge*, filed the opinion of the Court. LANCE, *Judge*, filed a concurring opinion.

MOORMAN, *Judge*: The appellant, William E. Shade, through counsel, appeals a September 9, 2008, Board of Veterans' Appeals (Board) decision that, inter alia, denied his attempt to reopen a claim for entitlement to service connection for a skin disorder. Record (R.) at 3-15. For the reasons set forth below, the Court will reverse that portion of the September 9, 2008, Board decision regarding the appellant's claim to reopen his previously denied claim for service connection for a skin disorder and remand the matter.

---

[1] The appellant was first represented by R. Edward Bates, Esq., of Naperville, Illinois, who withdrew his appearance on December 4, 2008. On the same day, Kenneth M. Carpenter, Esq., entered his appearance on behalf of the appellant. While Mr. Carpenter filed the appellant's substantive brief, he withdrew his appearance on October 13, 2009. R. Edward Bates reentered his appearance on behalf of the appellant that same day and is the current counsel of record.

# I. FACTS

The appellant served in the U.S. Army from October 1965 to September 1967. R. at 473. The appellant was treated for dermatitis in April 1966 and again in April 1967. R. at 284. In July 2000, he submitted an application for, inter alia, entitlement to service connection for a skin disorder. R. at 694-700. On November 13, 2002, the Los Angeles, California, VA regional office (RO) denied his claim for lack of a current diagnosis. R. at 282-88. The appellant filed a Notice of Disagreement (NOD) in June 2003, and the RO issued a Statement of the Case (SOC) in October 2003 again denying the appellant's claim for lack of both a current diagnosis and a nexus opinion linking a present disability to service. R. at 248-66. The SOC stated that the appellant could reopen his skin disorder claim if he "provide[d] evidence showing a current and chronic disability with its relationship to military service." R. at 262.

On February 24, 2006, the appellant submitted an application to reopen his claim on the basis of new and material evidence. R. at 244. The RO denied his application in August 2006, and the appellant submitted an NOD later that month. R. at 135-42. The RO issued an SOC on November 15, 2006, which stated that the current "evidence failed to show any current findings of a skin condition associated with [the appellant's] treatment during military service." R. at 123.

On November 20, 2006, the appellant submitted an October 12, 2006, medical report from a private physician. R. at 100-02. The report stated that the appellant suffered from chronic dermatitis and that the condition had "been present for years." R. at 101-02. In December 2006, the RO issued a Supplemental SOC that found that the appellant had not submitted new and material evidence sufficient to reopen his claim. R. at 97-99. The appellant perfected a substantive appeal in February 2007. R. at 94.

The appellant testified at a hearing before the Board on November 20, 2007. R. at 52-79. During the hearing, the Board member noted that, while the appellant's new evidence included a current diagnosis for dermatitis, there was still no nexus opinion linking the appellant's current condition with service. R. at 68-69. The appellant stated that he was scheduled for a regular physical examination with a VA physician the next week, and that he would attempt to obtain a nexus opinion then. R. at 66, 69. However, no nexus opinion was later provided.

2

On September 9, 2008, the Board issued the decision here on appeal. R. at 3-15. The Board noted that, while the appellant had provided new and material evidence for the other claims under consideration, he had not provided a nexus opinion as to his skin condition. R. at 10-11. To the contrary, the Board explicitly found that the evidence did not address whether there was any connection between the appellant's condition and service. R. at. 11. Based on this determination, the Board found that the appellant had not submitted new and material evidence sufficient to reopen his claim for service connection for a skin disorder. R. at 5. Accordingly, the Board denied his application to reopen. R. at 12.

## II. ISSUE ON APPEAL

In the Board decision here on appeal, the Board adjudicated three claims to reopen. Two previously denied claims for service connection for a neck disorder and a foot disorder were reopened and remanded to the RO. R. at 12-15. The Board denied the appellant's claim to reopen his previously denied claim for service connection for a skin disorder. The denial of that claim to reopen is the only issue here on appeal.

The appellant makes a single assertion of error: that the Board failed to properly apply 38 C.F.R. § 3.156(a) to the evidence presented in his claim to reopen. In support of this contention, the appellant argues that the Board's application of § 3.156(a) did not comport with the requirements of 38 U.S.C. § 5108, the statute requiring VA to reopen a previously denied claim when new and material evidence has been presented.

The Secretary argues that the Board decision should be affirmed because no new and material evidence was submitted by the appellant. The Secretary asserts that the Board's treatment of the evidence submitted in the appellant's claim to reopen was proper because the evidence did not meet the criteria of § 3.156. The Secretary contends that to qualify as new, evidence submitted must not be cumulative of the evidence of record, and to qualify as material, the evidence submitted must relate to an unestablished fact necessary to substantiate the previously denied claim. The Secretary further asserts that to qualify as new and material, evidence submitted must raise a reasonable possibility of substantiating the claim.

In its decision here on appeal, the Board denied reopening because it determined that new and material evidence had not been presented. The Board's analysis indicated that it found that the

3

evidence presented by the appellant in his claim to reopen was new in that it was not previously of record. However, the Board found that the evidence was not material because, while the evidence did establish a current diagnosis, it did not establish a nexus between that diagnosis and the appellant's service. In the decision that previously denied the appellant's claim for service connection, it was determined that the appellant lacked both a current diagnosis and a nexus to service. In addition to providing evidence of a current diagnosis in his claim to reopen, the appellant also provided lay testimony that indicated that he had suffered a skin disorder over a period of years. While the Board acknowledged this testimony, it determined that the appellant's lay statements were insufficient to establish a nexus to service. As the appellant has asserted in his brief to this Court that the Board failed to properly apply the regulation concerning the reopening of previously denied claims, the Court will review the Board's decision to determine whether or not the Board's analysis appropriately considered and applied the pertinent regulation.

### III. ANALYSIS

#### A. Law Regarding the Reopening of Previously Denied Claims

Once a claim has been disallowed by the Board, generally, the claim may not be reopened. 38 U.S.C. § 7104. There are two statutorily created exceptions to this rule. A final Board decision is subject to revision on the grounds of clear and unmistakable error in the original decision. *See Cook v. Principi*, 318 F.3d 1334, 1337 (Fed. Cir. 2002)(en banc). In the case before the Court, clear and unmistakable error is not at issue. The second exception to finality is found in 38 U.S.C. § 5108. Section 5108 allows previously denied claims to be reopened if a claimant submits new and material evidence. Section 5108, essentially unchanged since 1988,[2] provides:

> If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

*Id.* While this statute clearly provides that, in order to reopen a previously denied claim, evidence must be submitted that is both new and material, it provides no further explanation as to what evidence must show to be considered new and material. VA, employing its rulemaking authority,

---

[2] In May 1991, Pub.L. 102-40, Title IV, § 402(b)(1), inserted the word "Secretary" for the word "Administrator." No other changes were made to the original 1988 statute.

has promulgated a regulation designed to more fully define what is meant by new and material evidence.

*1. Pre-Veterans Claims Assistance Act of 2000 (VCAA)*

Section 3.156(a) of title 38 of the Code of Federal Regulations is the regulation promulgated by VA to provide a more detailed description of what kind of evidence qualifies as new and material evidence. The present version of the regulation took effect in 2002. However, in order to properly apply that regulation and appreciate its purpose, it is necessary to review the prior version of the regulation, promulgated in 1991, and the caselaw associated with it.

Three cases have played a prominent role in the interpretation and application of § 3.156(a): *Colvin*, *Hodge*, and *Elkins*. *Colvin v. Derwinski*, 1 Vet.App. 171 (1991); *Hodge v. West*, 155 F.3d 1356 (Fed.Cir. 1998); *Elkins v. West*, 12 Vet.App. 209 (1999)(en banc). All three of these cases involved the 1991 version of § 3.156(a). That version of § 3.156(a) defined new and material evidence as:

> evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.

38 C.F.R. § 3.156(a)(1991). Shortly after the promulgation of this regulation, this Court addressed the definition of new and material evidence.

In *Colvin,* this Court provided a clear interpretation of the previous version of § 3.156(a), quoted above. The Court held that, as stated in the regulation, in order to be considered new, evidence submitted for the purpose of reopening could not be cumulative or redundant of the evidence previously of record. To be considered material, newly submitted evidence had to be relevant and probative of the issue at hand. *Colvin*, 1 Vet.App. at 174. These two requirements, newness and materiality, were derived directly from the regulation and statute. However, the Court also held that the "bright line" rule articulated in *Chisolm v. Secretary of Health and Human Services*, 717 F.Supp. 366, 367 (W.D. Pa.1989), applied to new and material evidence. The "bright line" rule required that there "be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin*, 1 Vet.App. at 174

(citing *Chisolm*, 717 F. Supp. at 367). The purpose of articulating this additional qualification was to provide a clearer and more easily applied statement of the standard. *Id.* The Court reasoned that this test was appropriate because, without its qualification, it would be possible for evidence to satisfy the criteria articulated in the regulation yet be of limited weight and insufficient probative value to warrant reopening and readjudication. *Id.* *Colvin* thus created a test whereby newly submitted evidence must be determined to be new and material but also present a reasonable possibility of changing the outcome. This so-called "*Colvin* test" remained in effect until the U.S. Court of Appeals for the Federal Circuit's decision in *Hodge*.

Seven years after *Colvin*, the Federal Circuit addressed this test and declared the *Colvin* "reasonable possibility of a change in outcome" requirement to be invalid. *Hodge*, 155 F.3d at 1360. While VA had argued that it saw no inconsistency between its regulation and the test adopted by this Court, in pertinent part, the Federal Circuit held that the *Colvin* test was not a part of the VA regulation, and further, the *Colvin* test "may be inconsistent with the underlying purposes and procedures of the veterans' benefits award scheme." *Id.* The *Hodge* court stated that nothing more than the language of the regulation should be applied when determining whether new and material evidence has been submitted. The Federal Circuit noted that the regulation imposed a lower burden to reopen than the *Colvin* test, and specifically described the *Colvin* test as having "imposed on veterans a requirement inconsistent with the general character of the underlying statutory scheme for awarding veterans' benefits," which is "strongly and uniquely pro-claimant." *Id*. at 1362. The *Hodge* decision thus invalidated the *Colvin* test while acknowledging that the application of the appropriate standard is the responsibility of the Board or this Court in the first instance. *Id.* at 1364 fn 2.

Thereafter, in *Elkins* this Court held that, in accordance with *Hodge*, the Board was required to apply § 3.156(a) as written, and that this Court would review the Board's decisions regarding new and material evidence under the "clearly erroneous" standard. *Elkins*, 12 Vet.App. at 217-18. Our decision in *Elkins* noted that the determination of whether new and material evidence has been submitted is a factual determination to be made by VA. *Id.* at 217-18. *Elkins* had the effect of allowing the Secretary to make a fact-based determination and requiring this Court to review that determination under a deferential standard, as opposed to the de novo standard applied under *Colvin*.

When *Elkins* was decided, claimants were still required to establish that their claims were well-grounded before VA was required to assist in their development. *See Elkins*, 12 Vet.App. at 213 (citing 38 U.S.C. § 5107(a)). This Court noted that *Hodge* decoupled the relationship between well-groundedness and new and material evidence. *Id.* at 219 (noting that a well-grounded claim was a prerequisite to having new and material evidence to reopen as to that claim). After *Hodge*, VA would be required, after reopening a claim, to determine whether the new evidence and the evidence previously of record made the claim well-grounded. *Id.* If so, then the claimant was entitled to VA assistance under 38 U.S.C. § 5107(a).[3] *Elkins*, 12 Vet.App. at 218-19. We noted in *Elkins* that *Hodge* had the effect of lowering the bar for claims to reopen. *Id.* However, *Hodge* also created a situation in which a claimant might submit evidence that met the requirements of § 3.156(a) but still have the claim denied because it was not well-grounded. *See Winters v. West*, 12 Vet.App. 203, 208 (1999)(en banc), *vacated on other grounds*, 219 F.3d 1375 (Fed. Cir. 2000). This situation existed until the passage of the VCAA.

### 2. Post-VCAA

The VCAA was intended to "reaffirm and clarify the duty of the [Secretary] to assist a claimant for benefits under laws administered by the Secretary, and for other purposes." H.R. REP. 106-781 at 4 (2000). One of the specifically stated purposes of the act was to remove the requirement that a claimant submit a well-grounded claim before the Secretary's duty to assist would attach. *Id.* Following passage of the VCAA, VA proposed to amend § 3.156(a) to its present form. 66 Fed. Reg. 17834-01 (April 4, 2001) (stating that the purpose of the amendment to VA regulations was to "implement the provisions of the [VCAA]"). This proposed amendment added the requirement that, in order to constitute new and material evidence, the evidence presented must "raise a reasonable possibility of substantiating the claim."[4] VA, in its discussion of the proposed

---

[3] Section 5107(a) was the predecessor duty-to-assist authority prior to enactment of section 5103A, which expanded the Secretary's duty to assist claimants. *See* VCAA, Pub. L. No. 106-475, 114 Stat. 2096 (codified in various sections of title 38, U.S. Code). The VCAA is discussed in the text below.

[4] The proposed rule stated:

> A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that *relates specifically to the reason why the claim was last denied*. New and material evidence can be neither cumulative nor redundant of the evidence of record at the

7

amendment to § 3.156(a), stated that the purpose of changing that section was "to clarify the definition of 'new and material evidence.'" 66 Fed. Reg. 17834-17838. Further, in its answers to comments accompanying the final rule, VA stated that the changes made to § 3.156(a) applied the "same standard" to claims to reopen as the VCAA applied to the application of the Secretary's duty to assist. 66 Fed. Reg. 45620-01, 45629 (Aug. 29, 2001) ("We believe it is fair and reasonable to apply the same standard . . . in determining whether a claim has been reopened, triggering VA's full duty to assist by providing a VA examination or obtaining a medical opinion."); *see also* 66 Fed. Reg. 17834, at 17838 ("this is consistent with the threshold established by Congress in the VCAA for VA's duty to assist.").[5]

It thus appears that VA's position is that the language of the current version of § 3.156(a) is designed to be consistent with the VCAA. One stated purpose of the VCAA was to lower the bar for claimants attempting to avail themselves of the Secretary's duty to assist. H.R. REP. 106-781 at 4. During VA's rulemaking, the Secretary responded to several commenters who expressed concern over use of the words "must raise a reasonable possibility of substantiating the claim." There, the Secretary responded: "With respect to other claims for benefits, the VCAA provides that VA assistance is required *unless there is no reasonable possibility that this assistance would aid* in substantiating the claim. We believe it is fair and reasonable to apply the same standard–that *there be a reasonable possibility that VA assistance would help substantiate* the claim–in determining

_____

time of the last prior final denial of the claim sought to be reopened, and *must raise a reasonable possibility of substantiating the claim*.

66 Fed. Reg. at 17839 (emphasis added).

The final rule stated :

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that*, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim*. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and *must raise a reasonable possibility of substantiating the claim*.

66 Fed. Reg. 45620, 45630 (Aug. 29, 2001) (to be codified at 38 C.F.R. § 3.156(a)(2002)) (emphasis added).

[5]"The Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2).

8

whether a claim is to be reopened, triggering VA's full duty to assist by providing a VA examination or obtaining a medical opinion." 66 Fed. Reg. at 45629 (emphasis added). Thus, VA expressed its intent to use words substantially similar to those found in the VCAA as the "same standard" for the words found in the revision to § 3.156(a). However, it is clear to the Court that VA's use of the language in § 3.156(a) to further define "new and material evidence" is capable of being interpreted in a manner that had the opposite of the pro-veteran result that the use of the similar language has in the VCAA.

It is equally clear that VA did not intend that result when the change to the regulation was promulgated. The Federal Circuit stated in *Hodge* that it believed that the *Colvin* test, involving other similar words, placed too high a standard on claimants attempting to reopen previously denied claims through the submission of new and material evidence.[6] The Secretary stated that he sought to implement the goal of the VCAA with the amendment to § 3.156, and thus justified use of the "same standard" for the definition of new and material evidence. Further, the Secretary's interpretation of the new regulatory language specified that "*there be a reasonable possibility that VA assistance would help substantiate the claim in determining whether a claim is to be reopened . . . .*" 66 Fed. Reg. at 45629 (emphasis added). This language suggests a standard that would require reopening if newly submitted evidence, combined with VA assistance and considering the other evidence of record, raises a reasonable possibility of substantiating the claim. Thus, the present version of the regulation must be read as creating a low threshold, to be implemented according to the plain language of the regulation, as explained by the Secretary in the Federal Register, in accordance with the stated purpose of the VCAA. It is in light of this legislative, judicial, and regulatory history that this Court reviews the matter presently before it.

As previously noted, the purpose of this regulation is to explain what kind of evidence will qualify as "new and material." There are three operative sentences in the current version of § 3.156(a). One sentence discusses only new evidence and another sentence discusses only material evidence. The regulation then concludes with a third sentence discussing new and material evidence that uses the phrase "reasonable possibility of substantiating the claim." This language can be read to suggest that the evidence must affect the merits outcome of the claim. The language of the

---

[6]*Colvin* required that there "be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin* 1 Vet.App. at 174.

9

regulation indicates that newly submitted evidence must meet the new and material requirements as well as the general explanation laid out in the last sentence before a claim would be reopened. This language, however, must be read in light of 38 U.S.C. § 5108, which states that, in order to reopen a claim, submitted evidence must simply be new and material. Therefore, the words "raise a reasonable possibility of substantiating the claim" cannot impose some new requirement beyond that required by the statute without invoking an analysis of whether the Secretary had exceeded his rulemaking authority. However, such an analysis is not required in this case because the Secretary has, as noted above, provided an explanation of the language in the Federal Register. That explanation is not inconsistent with the underlying statute. 38 U.S.C. § 5108.

The final sentence of § 3.156(a) states that evidence may not be cumulative and "must raise a reasonable possibility of substantiating the claim." The noncumulative requirement has been well established and need not be further discussed here. *See Struck v. Brown*, 9 Vet.App. 145, 151 (1996); *Blackburn v. Brown*, 8 Vet.App. 97, 102 (1995); *Cox v. Brown*, 5 Vet.App. 95, 99 (1995). However, it is necessary for the Court to emphasize that the phrase "raise a reasonable possibility of substantiating the claim" does not create a third element for new and material evidence. Rather, that phrase provides guidance for VA adjudicators in determining whether submitted evidence meets the new and material requirements.[7] In particular, the immediately prior sentence discussing material evidence provides that, to be considered material, newly submitted evidence must pertain to "an unestablished fact necessary to substantiate the claim." 38 C.F.R. § 3.156(a). This is consistent with VA's stated position in its rulemaking concerning the revision to 3.156(a). In its rulemaking, VA stressed that it did not mean the language defining "material" to be restrictive:

> We proposed to redefine "material" evidence to mean "existing evidence that relates specifically to the reason why the claim was last denied." Many commenters felt this language was too restrictive. We agree, and therefore have revised the final regulatory language at § 3.156(a) in a manner that more accurately conveys the meaning intended, to state that "Material evidence means existing evidence that . . . relates to an unestablished fact necessary to substantiate the claim."

66 Fed. Reg. at 45,629.

When making a determination whether the submitted evidence meets the definition of new and material evidence, the Board should take cognizance of whether that evidence could, if the claim

---

[7]For reopening, 38 U.S.C. § 5103A(a) does not require VA to provide assistance to a claimant if there is *no reasonable possibility* that such assistance would aid in substantiating the claim.

were reopened, reasonably result in substantiation of the claim, applying concepts derived from the VCAA. However, the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. In the very words of VA, the application of the reasonable possibility portion of 3.156(a) cannot impose a greater burden to reopening than imposed by Congress by that language in the VCAA. It is only by so reading the regulation that the Court does not find 38 U.S.C. § 5108, which has only two requirements, and § 3.156(a) to be in conflict. Once the Board has made its determination in accordance with the regulation, this Court will review that decision under the "clearly erroneous" standard of review. *See Elkins, supra*.

To explain further, the current version of § 3.156(a) was part of the same rulemaking effort that included revisions to § 3.159 concerning VA's assistance in the development of claims. Explaining how it intended to apply 38 U.S.C. § 5103A to claims to reopen based on new and material evidence, VA stated that under the revised regulations, "VA will not, however, provide a medical examination or obtain a medical opinion in an attempt to reopen a previously disallowed claim." 66 Fed. Reg. at 17837-38 (proposed rulemaking). VA then presented its rationale that it did "not want to expend our limited resources on 'fishing expeditions' to create evidence based on a claimant's hopes that such evidence would prove to be new and material." *Id.* at 17838. Finally, it concluded: "If new evidence is presented or secured, VA would reopen the previously disallowed claim and provide a medical examination or obtain a medical opinion as provided in proposed section 3.159(c)(4)." *Id.*

Thus, it appears to the Court that VA in writing the words of its regulation could not have intended a reading of § 3.156(a) and § 3.159 that, after the claimant has met the requirement of submitting evidence that is both new and material, would deny reopening because an adequate medical nexus opinion was not provided *by the claimant*. Indeed, this would require the claimant to submit medical evidence in every case in which VA's previous negative determination regarding nexus or a current disability stood between the claimant and disability benefits. *Cf. Stefl v. Nicholson*, 21 Vet.App. 120, 123 (2007) (holding that a medical opinion is considered "adequate where it is based upon consideration of the veteran's prior medical history and examinations and also describes the disability, if any, in sufficient detail so that the Board's 'evaluation of the claimed

11

disability will be a fully informed one.'" (quoting *Ardison v. Brown*, 6 Vet.App. 405, 407 (1994)). Such a reading would make the promise of assistance in obtaining a medical opinion illusory if new and material evidence were presented, since assistance could never be delivered unless the veteran first obtained such an opinion on his own.

### B. Application of Law to Facts

In the case currently before the Court, the RO in October 2003 denied the appellant's claim for lack of both a current diagnosis and a nexus opinion linking an asserted present disability to service. R. at 248-72. As part of his claim to reopen, the appellant in November 2006 submitted medical evidence indicating that he has a current diagnosis of a skin disorder of the same type as that he experienced in service. R. at 101-02. He also provided his own sworn testimony in November 2007. R. at 52-79. In that statement, the appellant stated that he had been treated by VA doctors "over a period of years" for his skin condition. R. at 68.

The October 2006 doctor's report finding that the appellant has a current skin disorder qualifies as new evidence. It was not previously in the record before the agency, indeed the RO had specifically stated that there was then no evidence of a current diagnosis. R. at 123-24. Thus, the evidence is not cumulative as it describes the appellant's present diagnosis. Further, the Board, in its 2008 decision, acknowledged that the record qualified as new evidence. R. at 10-11. The Board, however, determined that this evidence was not material because the report, "by itself or in connection with evidence already in the file, does not relate to an unestablished fact necessary to substantiate the claim." R. at 10-11. As support for this assertion, the Board stated that the doctor's report did not relate the appellant's present diagnosis of a skin disorder to service, "which would fulfill the nexus requirement that was also lacking at the time of the November 2002 rating decision." *Id.* at 11. The Board's finding states that, because the newly submitted evidence pertained only to the unestablished fact of a current diagnosis, but not to the other unestablished fact of a nexus between that diagnosis and service, the evidence submitted by the appellant was not new and material.

The evidence submitted in the appellant's claim to reopen pertains to an unestablished fact–that the appellant currently suffers from a skin condition. As previously discussed, the regulation provides that for a claim to be reopened, new and material evidence must, taken together with the evidence currently of record and considering the fact(s) that must be proven, raise a

reasonable possibility of substantiating the claim. In this case, the Board improperly applied this portion of the regulation. The Board stated that because the evidence submitted did not relate to the missing nexus element, it did not raise a reasonable possibility of substantiating the claim. The Board's analysis failed in two distinct ways. First, the Board failed to consider the newly submitted evidence in conjunction with the evidence previously of record. Secondly, the Board imposed a higher burden to reopening than is required by § 3.156(a).

Section 3.156(a) requires that newly submitted evidence be considered in concert with the evidence previously of record when determining whether the appellant has raised a reasonable possibility of substantiating the claim. The evidence previously of record in this case indicated that the appellant had suffered from a skin disorder while in service. R. at 284. The newly submitted evidence provided a current diagnosis of a chronic skin disorder. R. at 101-02. Thus, the appellant has established two (at least in the prima facie sense) of three *Caluza* elements of service connection. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table) (establishing that service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability). Thus, it could not be said that the remaining element, a nexus between the current diagnosis and the in-service event, could not be established were he provided a VA medical examination.[8]

The requirement to provide a VA medical examination is part of the duty to assist. As the current matter takes the form of a claim to reopen, the Secretary's duty to assist in providing a medical examination does not attach unless the claim is reopened. 38 C.F.R. § 3.159(c)(4)(iii).

---

[8] Section 3.303(b) provides two alternative methods of establishing service connection: chronicity and continuity of symptomatology. Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was "noted" during service; (2) evidence of postservice continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the postservice symptomatology. *See Savage v. Gober*, 10 Vet.App. 488, 495 (1997); 38 C.F.R. § 3.303(b) (2010). As for the first requirement, notation of a condition during service "need not be reflected in any written document." *Savage*, 10 Vet.App. at 496-97; 38 C.F.R. § 3.303(b). With regard to the second requirement, lay testimony may be competent to show postservice continuity of symptomatology. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1335-36 (Fed. Cir. 2006). Thirdly, competent evidence, such as a VA examination, can establish an etiological nexus and, under *McLendon,* ordering a VA examination may be obligatory. *McLendon v. Nicholson*, 20 Vet.App. 79, 81-86 (2006).

13

The threshold established by § 3.156(a) requires the Board to analyze whether the new evidence presented "raises a reasonable possibility of substantiating the claim." If the Board construes "raises a reasonable possibility of substantiating the claim" as a requirement that the appellant submit his own medical nexus evidence to reopen his claim, even though he has provided new and material evidence concerning any other missing element, it would force the veteran to provide medical nexus evidence to reopen his claim so that he could be provided with a medical nexus examination by VA.

Section 3.159(c)(4)(iii) provides that § 3.159(c)(4), stating the circumstance in which VA will provide a medical examination, will only apply to claims to reopen once new and material evidence has been submitted. However, that language does not require new and material evidence as to each previously unproven element of a claim. In a case where medical nexus evidence is missing, if § 3.156(a) were read to require a claimant to submit medical nexus evidence to fulfill the requirement to submit new and material evidence, then § 3.159(c)(4)(iii) would be rendered meaningless. The ultimate incongruity of such an interpretation is illustrated in this case by the discussion during the appellant's oral presentation. There, it was suggested that the veteran seek a medical opinion from a VA treating physician that might then be submitted with his claim to reopen in order to support reopening for the purpose of obtaining a VA medical nexus opinion. R. at 65-69. VA's stated purpose in amending its regulations in 2002 was to provide clarity and consistency with the VCAA, and a reading that creates such a contradictory situation, while simultaneously erecting a new barrier to reopening, would be inconsistent with VA's own asserted purpose. Therefore, § 3.159(c)(4)(iii) must be read in light of the previous discussion of § 3.156(a).

When §§ 3.159(c)(4)(iii) and 3.156(a) are read together, it is clear that they do not create a barrier to reopening but, as VA indicated in its comments in the Notice of Proposed Rulemaking, provide clarity for claimants as to the procedure for reopening. Section 3.159(c)(4)(iii) guarantees that, once new and material evidence has been presented as to an unestablished fact from the previously denied claim, the claimant will be entitled to the full benefits of the Secretary's duty to assist, including a medical nexus examination, if one is warranted. The purpose of requiring a claimant to present new and material evidence before receiving a VA medical examination was to protect VA's "finite resources." 66 Fed. Reg. 45628. As VA acknowledged, it has an obligation to

14

assist veterans in substantiating their claims, but understandably must be cognizant of its material limitations.

In the comments to the final rule, VA discussed a situation similar to the present case (although in the context of well-groundedness). VA postulated an appellant's claim having been denied because there was no competent evidence that the veteran had a current disability. VA then observed: "If there were any competent evidence that the veteran did have a current disability, that evidence would constitute new and material evidence, which would reopen the claim." *Id.* Once the claim is reopened, the veteran is entitled to VA's duty to assist, including a nexus medical examination in accordance with 38 U.S.C. § 5103A(d)(2)(B).

In summary, the Secretary in exercising his rule-making authority provided that the words "reasonable possibility of substantiating the claim" were intended to mirror those words used by Congress when it enacted the VCAA. 66 Fed. Reg. at 45629. VA's regulatory history indicates that its use of those words in the context of claims to reopen was not intended to erect a new, additional barrier to reopening a claim (i.e., a new *Colvin* test in other words). If submitted evidence is both new and material and, alone or in conjunction with evidence already of record, is consistent with the low threshold Congress intended by its use of the words "no reasonable possibility. . . [of]. . .substantiating the claim," then the claim must be reopened. To conclude otherwise would result in the imposition a new requirement for reopening not found in section 5108.

Thus, the phrase "raises a reasonable possibility of establishing the claim" must be viewed as enabling rather than precluding reopening. VA's use of the words "reasonable possibility of substantiating the claim" results in a pro-veteran standard for reopening–one that contemplates, in the case before us, the likely entitlement to a nexus medical examination if the claim is reopened. Through the VCAA, Congress intended that the bar to full development of veterans' reasonably based claims be lowered. There is no reason to deny assistance to claimants merely because some of the relevant evidence was not submitted with the original claim once new and material evidence is presented.

The Board's analysis of the issue of reopening must first be confined to the subject of existence of new and material evidence alone and must not be an outcome-based decision. Were we to affirm the Board's application of § 3.156(a) in the present case it would permit VA to

reestablish the outcome-based *Colvin* test criticized in *Hodge* and rejected by VA itself in its 2002 rulemaking. *See* 66 Fed. Reg. 17834-01; *Hodge* and *Colvin*, both *supra*.

The Court concludes that the Board misinterpreted the plain language of 38 C.F.R. § 3.156(a) and failed to properly apply that regulation as VA intended. Here, the Board acknowledged that the new evidence included a current diagnosis but concluded that this evidence "does not relate to an unestablished fact necessary to substantiate this claim." R. at 11. As noted above, this evidence did relate to an unestablished fact necessary to substantiate the claim; it was evidence of a current diagnosis and the RO at that time stated that "[t]he private records and VA treatment records do not indicate treatment for or diagnosis of a skin condition." R. at 262 (October 2003 SOC). Accordingly, the Board's determination that the private doctor's report "does not relate to an unestablished fact necessary to substantiate this claim" will be reversed. The Court also observes that, in determining whether the evidence "raise[s] a reasonable possibility of substantiating the claim" for the purpose of reopening, the Board should have reviewed all the evidence, newly submitted and previously submitted, on the issue of nexus. The Court notes that, while the Board's decision acknowledged the appellant's lay statements offered at his November 2007 hearing, the Board determined that those statements were cumulative of evidence previously of record. R. at 11. In the November 2007 hearing, however, the appellant testified that he had been treated for a skin condition over a period of years. R. at 68. The appellant had not previously presented sworn testimony, and this testimony relates to the appellant having symptoms of a skin condition over a period of years for which treatment was needed, i.e., lay testimony that was relevant to the issue of nexus. While it is the Board's role as the finder of fact to determine what weight to ascribe to the appellant's lay statements, the Court reminds the Board that the credibility of "new" evidence is to be presumed in making a reopening determination. *See Elkins*, 12 Vet.App. at 215.

Furthermore, a veteran's testimony should not be rejected as not being material solely because he is a lay person offering observations as to his skin condition or, for example, because contemporaneous medical evidence is no longer available to corroborate it. *See Davidson v. Shinseki,* 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); *Jandreau v. Nicholson,* 492 F.3d 1372, 1377 (2007); *Buchanan*, 451 F.3d at 1334-37 (all holding that "lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay

16

testimony describing symptoms at the time supports a later diagnosis by a medical professional"). Here, the Board impermissibly found that the appellant's statements were not material based on *Moray v. Brown*, 5 Vet.App. 211 (1993), which applied the *Colvin* standard that was rejected by the Federal Circuit in *Hodge* and which analysis of lay evidence does not take into account more recent decisions regarding the consideration of lay evidence. *See Davidson*, *Jandreau*, and *Buchanan*, all *supra*. *But see Moray*, 5 Vet.App. at 214 (holding that veteran's lay statements were not competent as to "medical matters"). The Court observes that the appellant provided his testimony in an attempt to establish a nexus between his in-service skin condition and his present diagnosis.

Thus, the Court will reverse the Board's decision regarding the appellant's skin disorder and direct that the appellant's claim be reopened. *See Gutierrez v. Principi*, 19 Vet.App. 1, 10 (2004)(holding that reversal is the appropriate remedy in cases in which the only permissible view of the evidence is contrary to the Board's decision). On remand, the Board should consider the merits of the appellant's reopened claim for service connection, including whether he is entitled to a VA medical nexus examination applying a low threshold. *See McLendon*, *supra*. The appellant is free to submit additional evidence and argument on the remanded matters, which the Board must consider when readjudicating his claim. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002); *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board and the RO must provide expeditious treatment of this matter on remand. *See* 38 U.S.C. §§ 5109B, 7112.

## IV. CONCLUSION

The Court having considered the parties' briefs and the record on appeal, that portion of the Board's September 9, 2008, decision finding that the private doctor's report, which provided a current diagnosis of a skin condition, "does not relate to an unestablished fact necessary to substantiate this claim" is REVERSED. Further, the Board's decision denying the appellant's claim to reopen his claim for service connection for a skin disorder is REVERSED and the matter REMANDED for consideration on the merits.

LANCE, *Judge*, concurring: I believe that the majority opinion does a commendable job of sorting through the complicated history of the law involved and dissecting the statute and regulations at issue. However, I do not believe that the opinion adequately guides adjudicators or practitioners

as to how to handle future cases. Accordingly, I am compelled to write separately to state my understanding of the Court's decision today.

The essential issue in this case is the proper relationship between the new-and-material-evidence standard to reopen a claim and the standard for triggering the Secretary's duty to provide a medical examination under 38 U.S.C. § 5103A(d). In cases where medical evidence is necessary to prevail, the two standards are the same. In other words, if VA determines that the new evidence when viewed with the old evidence would be sufficient to trigger a medical examination, then the evidence is sufficient to reopen and a medical examination must be provided. Similarly, if the evidence supporting the claim is insufficient to trigger the duty to assist when the old and new evidence is considered together, then the new-and-material standard has not been met and the claim should not be reopened. *See* 66 Fed. Reg. 45620-01, 45629 (Aug. 29, 2001) ("We believe it is fair and reasonable to apply the same standard . . . in determining whether a claim has been reopened, triggering VA's full duty to assist by providing a VA examination or obtaining a medical opinion.").

It makes perfect sense that the two standards should be the same in cases where they are both implicated. If the evidence in the file is sufficient to trigger the duty to assist, that assistance should be provided even if the claimant submitted the evidence to VA over the course of multiple proceedings. On the other hand, if the evidence is not sufficient to trigger the duty to assist, then reopening the claim only to deny it without providing assistance would be a hollow, technical decision. There is no reason to expend agency resources on a semantic determination that is not tied to a meaningful procedural duty.

Of course, there are many cases that do not turn on a medical issue where the duty to assist would be implicated. For example, the issue on reopening could be the credibility of the claimant or the existence of evidence that corroborates a claimed in-service stressor. Similarly, even if direct service connection was the theory presented in the original claim, new evidence could implicate a theory of presumptive service connection where a medical opinion on causation was not necessary. In such cases, the *McLendon* standard would not be relevant to determining whether reopening is appropriate.

Ultimately, I believe that the new-and-material standard is a practical one. New and material evidence is evidence that—if found credible—would either entitle the claimant to benefits or to some further assistance from the Secretary in gathering evidence that could lead to the granting of

the claim. Of course, once a claim is reopened, the adjudicator may determine that the new evidence is not credible or is outweighed by other evidence. However, I do not believe that either the statute or the regulation contemplates a situation in which new evidence could trigger a reopening and be found to be credible, but not be sufficient to at least trigger further assistance by the Secretary. In such a situation, reopening the claim would be a Pyrrhic victory and any error in failing to reopen the claim would be necessarily harmless. Therefore, if the new evidence submitted by a claimant is "neither cumulative nor redundant," then I believe adjudicators should approach the reopening question by asking, "If I assume that this new evidence is credible, would all the evidence in the file considered together be sufficient to at least trigger some further assistance?" The answer to that question should guide adjudicators to a reopening decision that is legally correct and makes practical sense.