Citation Nr: 1522691 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-32 808 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a chest disorder, including muscle pain.

2. Entitlement to service connection for a chest disorder, including muscle pain.

3. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a left shoulder disorder.

4. Entitlement to service connection for a bilateral shoulder disorder.

5. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a back disorder.

6. Entitlement to service connection for a back disorder.

7. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a prostate disorder.

REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. MacDonald, Associate Counsel


INTRODUCTION

The Veteran had active service from August 1978 to August 1982.

This appeal comes to the Board of Veterans' Appeals (Board) from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In June 2014 the Veteran appeared and provided testimony before the undersigned Veterans Law Judge (VLJ) via videoconference. A transcript of that hearing is associated with the claims file. The record was held open for a period of sixty days following the hearing so additional evidence could be obtained.

In reviewing this case, the Board has not only reviewed the Veteran's physical claims file, but also his file on the "Virtual VA" and "VBMS" systems to ensure a total review of the evidence.

The file of the VBMS system includes additional evidence which have not been initially considered by the RO. However, in this case the Veteran filed his substantive appeal after February 2, 2013, and therefore this new evidence submitted by the Veteran and his representative may be initially considered by the Board with no prejudice to the Veteran. 38 U.S.C.A. § 7105(e).

The issues of entitlement to service connection for a bilateral shoulder disorder and back disorder are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A November 2005 rating decision denying entitlement to service connection for a chest disorder, left shoulder disorder, back disorder, and prostate disorder is final. The Veteran did not appeal that decision and no new evidence was received by the VA within one year.

2. Evidence obtained since the November 2005 rating decision raises a reasonable possibility of substantiating the claim for entitlement to service connection for a chest disorder.

3. The Veteran does not have a current chest disorder which began during, or was otherwise caused by, his active duty service.

4. Evidence obtained since the November 2005 rating decision raises a reasonable possibility of substantiating the claim for entitlement to service connection for a left shoulder disorder.

5. Evidence obtained since the November 2005 rating decision raises a reasonable possibility of substantiating the claim for entitlement to service connection for a back disorder.

6. Evidence obtained since the November 2005 rating decision raises a reasonable possibility of substantiating the claim for entitlement to service connection for a prostate disorder.


CONCLUSIONS OF LAW

1. The November 2005 rating decision, which denied entitlement to service connection for a chest disorder is final; new and material evidence has been submitted, the Veteran's claim is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. §§ 3.104(a), 3.156, 20.302, 20.1103 (2014). 

2. The criteria for service connection for a chest disorder have not been met. 38 U.S.C.A. § 1131 (peace) (West 2014); 38 C.F.R. § 3.303 (2014).

3. The November 2005 rating decision, which denied entitlement to service connection for a left shoulder disorder is final; new and material evidence has been submitted, the Veteran's claim is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. §§ 3.104(a), 3.156, 20.302, 20.1103 (2014). 

4. The November 2005 rating decision, which denied entitlement to service connection for a back disorder is final; new and material evidence has been submitted, the Veteran's claim is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. §§ 3.104(a), 3.156, 20.302, 20.1103 (2014). 

5. The November 2005 rating decision, which denied entitlement to service connection for a prostate disorder is final; new and material evidence has not been submitted, and the claim is not reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. §§ 3.104(a), 3.156, 20.302, 20.1103 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran is seeking service connection for several disorders. In seeking VA disability compensation, a Veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303.

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

As will be discussed below, the Veteran's claims for entitlement to service connection were previously denied in a November 2005 rating decision. The Veteran did not file a notice of disagreement or relevant new evidence within one year, and the rating decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. § 3.104(a), 20.302, 20.1103. However, previously denied claims may be reopened by the submission of new and material evidence. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156.

New evidence is defined as evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The preliminary question of whether a previously denied claim should be reopened is a jurisdictional matter that must be addressed before the Board may consider the underlying claim on its merits. Barnett v. Brown, 8 Vet. App. 1, 4 (1995), aff'd, Barnett v. Brown, 83 F.3d 130 (Fed. Cir. 1996). Therefore, the initial question before the Board in each of these appeals is whether new and material evidence has been presented to reopen the claim.

At the time of the November 2005 rating decision, the evidence of record included the Veteran's service treatment records, post-service VA medical records, including the December 2003 letter from Dr. Fang, written statements from the Veteran, and a 'buddy statement' from a fellow Marine. Whether new and material evidence has been submitted since that time for each of the issues on appeal will be discussed below in turn.

Chest Disorder

The Veteran is seeking service connection for a chest disorder, described as muscle pain. His claim for service connection for chest pain was previously denied in a November 2005 rating decision. In that decision, the RO considered the Veteran's service treatment records relating concerning an in-service report of chest pain in June 1979, and his post-service diagnosis of myofascial pain syndrome. However, the RO denied his claim because the evidence did not establish the condition occurred in or was caused by service. 

Since the November 2005 rating decision, considerable new evidence has been submitted, including VA treatment records, the report from a November 2012 VA examination, additional written statements from the Veteran and friends and family, written statements from the Veteran's treating medical professionals at the VA, an a January 2014 letter from a private physician. 

When determining whether the submitted evidence meets the definition of new and material evidence, VA must consider whether the new evidence could, if the claim were reopened, raise a reasonable possibility of substantiating the claim. Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). Moreover, the Court explained this standard is intended to be a low threshold. Id.

In this case, in the January 2014 letter the Veteran's private physician opined his current chest injury was directly related to his active duty service. Under the low threshold of Shade, this letter may reasonably substantiate the reason the Veteran's claim was previously denied, failure to establish a nexus to active duty service. Therefore, this evidence is new and material. Id. Accordingly, the Veteran's claim for entitlement to service connection for a chest disorder is reopened, and to this limited extent his appeal is granted. 

Because the claim for entitlement to service connection for a chest injury is reopened, the Board will now turn to adjudication of this issue on the merits. In seeking VA disability compensation, a Veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303.

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Throughout the period on appeal, the Veteran has asserted that he injured his chest, including the muscles, while trying to remove a rusted bolt during his active duty service. The claims file includes additional statements from friends of the Veteran describing his in-service injury consistent with the Veteran's recollections, see January 2013 statement. However, as will be discussed, the evidence does not establish the Veteran has any current chest disability resulting from his active duty service.

The Veteran's service treatment records reflect that in June 1979 he sought medical treatment for chest pain over the past two days, which increased with movement. The reviewing medical professional indicated there was no lung pathology, and diagnosed mild muscle strain. The evidence does not reflect the Veteran sought any additional treatment for chest muscle strain or pain during his active duty service. Instead, on his July 1982 separation examination his lungs and chest were noted to be in normal condition. Therefore, although the Veteran reported experiencing chest pain during his active duty service, the evidence does not reflect the developed a chronic chest disorder during this time.

In September 1982, shortly after his separation from active duty service, the Veteran filed his initial claim for VA benefits. However, on this initial claim he only sought benefits regarding a prostate condition and right shoulder injury, but did not make any mention of any injury or pain in his chest. He filed an additional claim in July 1986 seeking benefits for several additional conditions, including left shoulder, arm, and back pains, but did not make any mention or complaint of a chest disorder. Furthermore, his additional claims in July 2001 and April 2004 still did not include any mention or complaint of a chest disorder. By filing these numerous claims in the two decades after his separation from active duty service, the Veteran demonstrated he was familiar with the VA process of seeking benefits. Therefore, his failure to include any complaint of a chest injury on his numerous claims provides probative evidence he was not experiencing complaints of a chest disorder for several years after his separation from active duty service.

Post-service medical records reflect the Veteran was involved in two separate motor vehicle accidents well after his separation from active duty service, in 1997 and 2002. After these accidents, the records reflect he sought occasional medical treatment for complaints of chest pain, and was diagnosed with myofascial pain syndrome. However, the medical evidence does not include any medical opinion relating his diagnosed myofascial pain syndrome to his active duty service. Moreover, pain alone is not a disability upon which VA benefits can be granted.

In November 2012, the Veteran was provided with a VA examination. The examiner reviewed the Veteran's claims file, as well as personally interviewed and examined the Veteran. The examiner indicated the Veteran was diagnosed with severe right and left atrial enlargement in late 2012. However, on examination his heart rhythm and sounds were normal, and auscultation of the lungs was clear. The examiner also indicated the results from a November 2012 EKG were normal. The examiner specifically indicated the Veteran had never been diagnosed with a muscle injury to his chest. Based on all the foregoing, the examiner opined there was no diagnosis regarding the Veteran's reported chest condition with pain, "because there is no pathology to render a diagnosis." The examiner continued the evidence also did not reflect chronicity of his chest pain since 1979. Therefore, the examiner opined the Veteran did not have a current chest disorder related to his active duty service, providing probative evidence against the Veteran's appeal.

In January 2014, a private physician, Dr. C, submitted a letter stating, in relevant part, "It is my professional opinion that the . . . chest injuries he currently suffer[s] from are more likely than not directly related to the injuries the veteran incurred in service." However, Dr. C's letter does not contain any additional rationale or explanation of this assertion. Specifically, he did not provide any additional information regarding any current chest injury or diagnosis the Veteran currently suffers from. Nor did Dr. C provide any rationale in support of his mere assertion. Because he did include any chest diagnosis, or provide any rationale in support of his opinion, this letter from Dr. C is not probative. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

Because the Veteran does not have a current diagnosis concerning the claimed chest disability, the claim for service connection must be denied. Most importantly, in the absence of proof of a present disability there can be no valid claim. Brammer, 3 Vet. App. at 225. The Board recognizes that the Court has held that the presence of a chronic disability at any time during the claim process can justify a grant of service connection, even where the most recent diagnosis is negative. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). However, where the overall record fails to support a current diagnosis of the claimed disability, as in this case, that holding would not apply. The Board acknowledges the Veteran's report of subjective pain, but the overwhelming medical evidence is against finding that there is any underlying chest muscle malady or condition. With respect to pain, pain alone, without a diagnosed or identifiable underlying malady or condition, does not constitute a disability for which service connection may be granted. Sanchez-Benitez v. Principi, 259 F.3d 1356 (Fed. Cir. 2001). Moreover, the medical evidence establishes, by the greater weight of the evidence, that he does not have any functional loss of the chest due to pain. 

Based on all the foregoing, the elements of service connection have not been met. Although the Veteran reported experiencing chest pain during his active duty service, the evidence does not reflect he developed a chronic chest disorder during his service. Instead, the Veteran did not include any complaints of chest pain on any of his numerous claims for VA benefits filed in the first two decades after his separation from active duty service. Furthermore, the medical records do not contain any medical opinion relating the Veteran's current chest pain to his active duty service. Although the claims file includes a letter from a private physician relating the Veteran's chest injury to his active duty service, this private physician did not provide any rationale or explanation of the Veteran's current chest diagnosis, and is therefore not probative. Finally, the VA examiner opined the Veteran had no current pathology of a chest disorder, providing probative evidence against the Veteran's appeal. Therefore, the elements of service connection have not been established, and the Veteran's appeal is denied.

Shoulders

The Veteran is also seeking service connection for a bilateral shoulder disorder. As discussed in the June 2014 hearing, the Veteran initial filed a claim to reopen entitlement to service connection for a left shoulder disorder, however both shoulders were discussed in the May 2013 statement of the case. In affording all benefit to the Veteran, the appeal currently before the Board includes service connection for a disorder in both shoulders.

Entitlement to service connection for a left shoulder disorder was previously denied in a November 2005 rating decision, because the RO found the Veteran's current left shoulder disorder was not related to his active duty service. 

As discussed above, since the November 2005 rating decision, considerable new evidence has been submitted, particularly including a January 2014 letter from a private physician and a December 2013 letter from a VA physician. In the January 2014 letter, the physician opined the Veteran's current left shoulder disorder was related to his injuries incurred in service. Therefore, the claims file includes newly submitted evidence which may substantiate the reason the Veteran's prior claim was denied. Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). Accordingly, new and material evidence has been presented, and the Veteran's claim is reopened. To this limited extent, his appeal is granted.

Entitlement to service connection for a bilateral shoulder disorder is addressed in the remand portion below.

Back

The Veteran is also seeking service connection for a back disorder. Entitlement to service connection for a back disorder was previously denied in a November 2005 rating decision, because the RO found the Veteran's current back disorder was not related to his active duty service. 

As discussed above, since the November 2005 rating decision, considerable new evidence has been submitted, particularly including a January 2014 letter from a private physician. In the January 2014 letter, the physician opined the Veteran's current back disorder was related to his injuries incurred in service. Accordingly, new and material evidence has been presented, and the Veteran's claim is reopened. To this limited extent, his appeal is granted.

Entitlement to service connection for a back disorder is addressed in the remand portion below.

Prostate

Finally, the Veteran is also seeking service connection for a prostate condition, claimed as urethritis. This issue was previously denied in a November 2005 rating decision. The RO considered the Veteran's in-service treatment for nonspecific urethritis, but determined this condition was acute and transitory, and resolved prior to separation. Additionally, the RO considered the Veteran's post-service complaints of painful premature ejaculations, but determined these symptoms were not related to his active duty service. 

Since the November 2005 rating decision, considerable new evidence has been submitted, including VA treatment records, the report from a November 2012 VA examination, additional written statements from the Veteran and friends and family, written statements from the Veteran's treating medical professionals at the VA, an a January 2014 letter from a private physician. 

As discussed, when determining whether the submitted evidence meets the definition of new and material evidence, VA must consider whether the new evidence could, if the claim were reopened, raise a reasonable possibility of substantiating the claim. Shade at 118. However, as will be discussed, the Board finds this additional evidence could not reasonably substantiate the claim, and therefore is not new and material.

The new evidence includes additional statements from the Veteran describing his prostate symptoms. For example, during his June 2014 hearing the Veteran reported experiencing painful ejaculation. However, these new statements are duplicative of earlier statements and assertions describing painful ejaculation which were explicitly considered by the RO in the prior November 2005 rating decision. Therefore, these duplicative statements by the Veteran are not new.

The newly submitted medical evidence reflects the Veteran continued to report symptoms related to a prostate condition. However, in an August 2014 urology consult it was noted the Veteran did not take any medication for any prostate or bladder issue, and his prostate was normal upon examination. Moreover, these records do not relate the Veteran's reported symptoms to his active duty service. Because these newly submitted medical records do not reasonably substantiate a nexus to active duty service, these new records are not material.

The claims file does not include any other evidence submitted since the November 2005 related to the Veteran's claimed prostate disorder. Therefore, the new evidence associated with the record since the November 2005 rating decision does not raise a reasonable possibility of substantiating the reason the Veteran's claim was previously denied, failure to establish a nexus to service. Because no new and material evidence has been presented, the Veteran's claim is not reopened, and entitlement to service connection for a prostate disorder remains denied.

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to veterans. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

Notice must be provided to a veteran before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim for VA benefits and must: (1) inform the veteran about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the veteran about the information and evidence that VA will seek to provide; and (3) inform the veteran about the information and evidence the veteran is expected to provide. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). With respect to service connection claims, a section 5103(a) notice should also advise a veteran of the criteria for establishing a disability rating and effective date of award. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

In the present case, required notice was provided by a letter dated in July 2009, which fully addressed all notice elements, and was sent prior to the initial RO decision in this matter. The letter informed him of what evidence was required to substantiate the claims, and of his and VA's respective duties for obtaining evidence. The same letter also provided the Veteran with notice of what type of information was needed to establish disability ratings, as well as notice of the type of evidence necessary to establish an effective date. 

Finally, the letter provided with Veteran with notice regarding the legal requirements to establish new and material evidence, and the reason his claims were previously denied. Kent v. Nicholson, 20 Vet. App. 1 (2006). Therefore, with this letter, the VA satisfied the notification requirements of the VCAA with regards to both timing and content.

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). VA and relevant private treatment records have been obtained, as have service treatment records.

In June 2014, the Veteran was provided with a hearing before the undersigned Veterans Law Judge (VLJ). In Bryant v. Shinseki, the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the regulation. 23 Vet. App. 488 (2010). They consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. In this case, the VLJ fully explained the issue on appeal. The Veteran was assisted at the hearing by an accredited representative from the Disabled American Veterans, and the VLJ and the representative asked questions regarding the nature and etiology of the Veteran's claimed disorders, specifically regarding any relation to active duty service. In addition, the VLJ sought to identify any pertinent evidence not currently associated with the claims file. No such pertinent evidence relevant to the issues discussed above was identified by the Veteran or his representative. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), and that any error in notice provided during the Veteran's hearing constitutes harmless error.

The Board notes the Veteran was not provided with a VA examination regarding his prostate disorder. However, VA regulations provide that no VA examination is required unless new and material evidence is presented to reopen a previously adjudicated claim. 38 U.S.C.A. § 5103A(d)(1, 2); 38 C.F.R. § 3.159(c)(4);Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). Because new and material evidence was not presented, as discussed above, then VA regulations do not require an examination regarding this issue.

As discussed, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating these appeals


ORDER

New and material evidence has been presented and the claim for entitlement to service connection for a chest disorder, including pain, is reopened.

Entitlement to service connection for a chest disorder, including pain, is denied.

New and material evidence has been presented and the claim for entitlement to service connection for a left shoulder disorder is reopened.

New and material evidence has been presented and the claim for entitlement to service connection for a back disorder is reopened.

New and material evidence having not been submitted, the application to reopen a claim for entitlement to service connection for a prostate disorder is denied.


REMAND

The Veteran's claims for entitlement to service connection for bilateral shoulder disorder and back disorder require additional development. 

Generally where the Board reopens a claim but the RO did not, the case must be remanded for RO consideration. Hickson v. Shinseki, 23 Vet. App. 394 (2010). In this case, the Veteran's claims for entitlement to service connection for a shoulder disorder and back disorder were not reopened and considered on their merits by the RO. Accordingly, remand for initial AOJ consideration is required.

Additionally, the Veteran has not yet been provided with a VA examination regarding his shoulder and back disorder. The evidence includes some evidence of an in-service injury, current disorder, and nexus to active duty service in the January 2014 letter from his private physician. Accordingly, remand for a VA examination is required. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, the case is REMANDED for the following actions:

1. Provide the Veteran with a VA examination to evaluate the nature and etiology of his claimed bilateral shoulder and back disorders. The examiner should be provided with the Veteran's complete claims file, including a copy of this remand. Consistent with the factual and medical evidence, the examiner is asked to address the following questions:

In answering these questions, the examiner should specifically address the January 2014 letter from a private physician, the December 2013 letter from a VA physician, as well as the evidence relating to the Veteran's post-service motor vehicle accidents in 1997 and 2002.

a) Does the Veteran have a current back and/or bilateral shoulder disorder? The examiner should specifically identify each disorder, and provide an opinion as to whether these disorders are separate and distinct or related to the same etiology.

b) For each identified disorder, is it as likely as not (50 percent or greater) the Veteran's current back and/or bilateral shoulder disorder began during, or was otherwise caused by, his active duty service?

2. Then, readjudicate the appeals. If the appeals remain denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs