Citation Nr: 1456922 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-13 069 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Whether new and material evidence has been presented to reopen the previously denied claim for entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Mike A. Sobiecki, Associate Counsel





INTRODUCTION

The Veteran served on active duty from June 1981 to January 1982 and from January 2003 to January 2004, with additional service in the Nebraska Army National Guard.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a December 2010 rating decision of the Lincoln, Nebraska, Regional Office (RO) of the Department of Veterans Affairs (VA).

The reopened issue of entitlement to service connection for PTSD is addressed in the REMAND portion of the decision below and is REMANDED to the agency of original jurisdiction (AOJ).


FINDINGS OF FACT

1. Service connection for PTSD was initially denied in a January 2006 rating decision on the bases that there was no confirmed clinical diagnosis of the disorder. The Veteran did not appeal this decision, and it became final. 

2. Evidence received since the January 2006 denial was not previously considered by agency decision makers; is not cumulative and redundant of evidence already of record; relates to unestablished facts; and raises a reasonable possibility of substantiating his claim for service connection for PTSD.


CONCLUSIONS OF LAW

1. The January 2006 rating decision, which denied the Veteran's claim of service connection for PTSD, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.302; 20.1103 (2014).

2. The criteria for reopening the claim of entitlement to service connection for PTSD have been met. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service connection for PTSD was initially denied in a January 2006 rating decision on the bases that the Veteran did not have a confirmed clinical diagnosis for the disorder. She was notified of the decision by a letter dated later that month. New and material evidence was not received within a year of notice of the decision. See 38 C.F.R. § 3.156(b). The Veteran did not initiate an appeal of this decision and it became final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

The Secretary must reopen a finally disallowed claim when new and material evidence is presented or secured with respect to that claim. See 38 U.S.C.A. § 5108; Knightly v. Brown, 6 Vet. App. 200 (1994).

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

At the time of the prior denial, the evidence of record included the Veteran's service treatment records and a private medical report titled "Client Assessment." The Client Assessment report diagnosed the Veteran with PTSD, however the RO found the examiner was not competent diagnose PTSD for VA purposes. (The Board notes that the examiner held only a provisional license and her report was not co-signed by a supervising practitioner with full licensure.) The service connection claim was then denied for lack of a clinical diagnosis of PTSD.

Since that denial, the Veteran began treatment at the Omaha, Nebraska, VA Medical Center (VAMC). In a January 2011 Treatment Plan Note, the Veteran was diagnosed with Axis I PTSD. 

As this medical record was not before VA at the time of the Veteran's previous denial, it is new. As it provides evidence that the Veteran is diagnosed with PTSD, it is material.

Therefore, the Board finds that the evidence received since the January 2006 denial was not previously considered by agency decision makers; is not cumulative and redundant of evidence already of record; relates to unestablished facts; and raises a reasonable possibility of substantiating his claims for service connection. Thus, reopening of the Veteran's claim of service connection for PTSD is warranted. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.15(a). The reopened claim is addressed further in the remand section.


ORDER

The claim for entitlement to service connection for PTSD is reopened; to this limited extent only, the appeal is granted.


REMAND

The Veteran asserts that her PTSD symptomatology was caused by exposure to violence in Panama during annual training. In her Appellate Brief, she requests a VA examination to determine the etiology of her PTSD.

VA will provide a medical examination or obtain a medical opinion if the record contains competent evidence of a disability that may be associated with an event, injury, or disease that occurred in service, but the record does not contain sufficient medical evidence to decide the claim. 38 U.S.C.A. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

Two buddy statements dated May 2009 describe the Veteran's stressors. The statements indicate that a member of her battalion was "knifed to death" by a Panamanian citizen. There were large demonstrations against United States President George Bush and from them she was exposed to residuals of tear gas and gunshot noise in June 1992. Her unit was not equipped with weapons so they could not protect themselves if attacked by protestors. Additionally, the Veteran was aware of attacks on military convoy vehicles and while her unit did not participate in such a convoy, they often drove over a suspension bridge that left them vulnerable. As one of the statements provided is from a Master Sergeant on official Nebraska Army National Guard letterhead, the claimed stressor likely occurred.

A January 2011 Treatment Plan Note diagnosed the Veteran with Axis I PTSD. In a Mental Health Consult provided the same day, the Veteran reported that while in the military she experienced great violence towards others. While traveling from base to base in Panama she felt her safety was threatened numerous times. Subsequent VA records show continued treatment for PTSD.

The evidence of record indicates that the Veteran is diagnosed with PTSD and that her symptoms may result from a potential in-service stressor. While she is competent to describe her symptoms, the existence of a relationship between them and an in-service stressor is a medical determination. 38 C.F.R. §§ 3.159(a)(2), 3.304(f). A VA examination is warranted.

Additionally, updated treatment records from the Omaha VAMC should be obtained.

Accordingly, the issue is REMANDED for the following actions:

1. Obtain the Veteran's more recent VA treatment records, including from the Omaha VAMC, not already of record.

2. Thereafter, schedule the Veteran for a VA psychiatric examination by an appropriate medical professional to determine the nature and etiology of her PTSD. The entire claims file, to include all electronic files, must be reviewed by the examiner.

The examiner is to identify the Veteran's current PTSD symptomatology and the specific stressor(s) underlying those symptoms. The examiner must then answer:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's PTSD is related to active service, to include her claimed in-service stressors?

The stressors are described in the remand section.

The examination report must include a complete rationale for any opinion expressed. 

3. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for 

Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs