Citation Nr: 1522722 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-32 640 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a skin disorder of the hands.

2. Entitlement to service connection for the residuals of frostbite to the hands.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

K. Osegueda, Associate Counsel


INTRODUCTION

The Veteran had active service from April 1957 to April 1959 and from October 1961 to August 1962. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

In April 2015, the Veteran presented testimony at a hearing before the undersigned Veterans Law Judge. A transcript of that hearing has been associated with the record.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

In addition to the VBMS claims file, there is a Virtual VA paperless file associated with the Veteran's case. A review of the documents in the Virtual VA file reveals documents that are duplicative of the evidence in the VBMS file.

The Board notes that the record includes evidence of complaints of bilateral hand pain that the Veteran has related to frostbite during service. In relation to the claim being decided herein, the Veteran was afforded a VA peripheral neuropathy examination in February 2011. However, a review of the available record contains no indication that the Agency of Original Jurisdiction (AOJ) has addressed this claim of service connection for residual hand pain separate from the issue being decided herein. Thus, the Board does not have jurisdiction over the issue, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. In a May 1966 rating decision, the RO denied the Veteran's claim of service connection for dermatitis.

2. The Veteran was notified of the May 1966 rating decision and of his appellate rights, but he did not appeal that determination nor submit new and material evidence within one year. 

3. The evidence received since the May 1966 rating decision, by itself, or in conjunction with previously considered evidence, relates to an unestablished fact necessary to substantiate the claim of service connection for the residuals of frostbite to the hands.

4. Affording the Veteran the benefit of the doubt, residuals of frostbite to the hands were incurred in service.


CONCLUSIONS OF LAW

1. The May 1966 rating decision, which denied service connection for dermatitis of the left hand, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103 (2014). 

2. The evidence received subsequent to the May 1966 rating decision is new and material, and the claim for service connection for the residuals of frostbite to the hands is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014).

3. Resolving all reasonable doubt in favor of the Veteran, residuals of frostbite to the hands was incurred in active service. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107(West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran's claim of service connection for the residuals of frostbite to the hands, originally claimed as a skin condition, was previously considered and denied by the RO in a rating decision dated in May 1966. The Veteran was notified of that decision and of his appellate rights; however, he did not submit a notice of disagreement. In general, rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103. There was also no evidence received within one year of the issuance of the decision. Therefore, the rating decision is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156(b), 20.200, 20.201, 20.302, 20.1103 (2014).

Although a decision is final, a claim will be reopened if new and material evidence is presented. 38 U.S.C.A. § 5108. New and material evidence can be neither cumulative, nor redundant, of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. New evidence means existing evidence not previously submitted to VA. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). 

In determining whether evidence is new and material, the credibility of the evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). The evidence need not relate specifically to the reason why the claim was last denied; rather it need only relate to any unestablished fact necessary to substantiate the claim. Shade v. Shinseki, 24 Vet. App. 110, 118 (2010) (stating that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim is a component of the question of what is new and material evidence, rather than a separate determination). Additionally, the phrase "raises a reasonable possibility of substantiating the claim" is meant to create a low threshold that enables, rather than precludes, reopening. Shade, 24 Vet. App. at 117. Reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Shade, 24 Vet. App. at 117. 

Additionally, where new and material evidence is received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, it is considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b).

In February 2010, the Veteran essentially requested that his claim of service connection for a skin condition be reopened. Specifically, he indicated that he was seeking compensation for a disability from the residuals of frostbite to his hands.

The evidence of record at that time of the rating decision in May 1966 included the Veteran's service treatment records. In that decision, the RO found that, although the Veteran was treated for a rash on his left hand in May 1958, there was no dermatitis found on the most recent examination of his hands. 

The evidence associated with the claims file subsequent to the May 1966 rating decision includes various statements from the Veteran, various buddy statements, post-service private treatment notes, the Veteran's testimony from a January 2014 hearing before the Decision Review Officer (DRO), testimony from the April 2014 Board hearing before the undersigned Veterans Law Judge, a February 2011 VA skin diseases examination report, a February 2011 VA peripheral nerves examination, and VA addendum opinions dated in May 2011, September 2012, and April 2013. The majority of this evidence is new, in that it was not previously of record and is not cumulative or redundant of the evidence already considered. With regard to whether the evidence is material, the new evidence includes current evidence of xerosis of the bilateral hands, private treatment notes relating his current skin disorder to the claimed frostbite in service, a September 2012 VA medical opinion suggesting that the Veteran's current skin condition "could be contributed to [a] prolong[ed] chronic skin condition," and VA medical opinions in which the examiners opined that it was too speculative to determine whether the Veteran's current skin disorder was related to claimed frostbite in service. Accordingly, the Board finds that new and material evidence has been presented to reopen the Veteran's previously denied claim of service connection for a skin disorder of his bilateral hands.

Next, the merits of the service connection claim can be considered. Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). In order to establish service connection, the following must be shown: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The Board finds that the evidence is in relative equipoise as to the question of whether the Veteran's xerosis and dermatitis of the bilateral hands was incurred from frostbite during his active duty service.

Initially, the Board notes that the evidence indicates the presence of a skin disorder of the bilateral hands. As noted above, the February 2011 VA skin diseases examination report includes a diagnosis of xerosis. The examiner noted dry skin with thickening and cracking in the folds of the palms and palmar surface of the fingers of both of the Veteran's hands. Various private treatment notes indicated that the Veteran was treated for a rash on his hands. See March 2010 private treatment notes signed by C. P., M.D. In addition, VA treatment notes include problem lists that include contact dermatitis and other eczema. See VA treatment notes printed in March 2010.

In various statements throughout the record, the Veteran has consistently described a history of frostbite to his hands during service in Germany. He has repeatedly stated that he was treated by a private German physician; therefore, there are no records of the treatment in his service treatment notes. However, he noted that he had been treated for the skin condition continuously following his first period of service by his private treating physician, Dr. CP. He is competent to relate a history of frostbite during service. His statements are credible because they are consistent with the circumstances of his military service in Germany. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (noting that the credibility of a witness may be impeached by a showing of interest, bias, inconsistent statements, consistency with other evidence), aff'd, 78 F.3d 604 (Fed. Cir. 1996). The Board gives weight to the Veteran's statements concerning his in-service frostbite and finds that the weight of the evidence supports that the Veteran experienced frostbite during his service in Germany. Shedden, 381 F.3d at 1167.

Thus, the remaining question is whether the Veteran's current skin disorder, including xerosis and dermatitis of the hands, is related to frostbite during his military service. There are both positive and negative medical opinions on this question. 

A March 2010 private treatment note from the Veteran's treating private physician, Dr. CP, noted that the Veteran sustained frostbite to his hands during service in Germany in March 1958. He reported that he had been treating the Veteran for skin problems intermittently since that time.

In the February 2011 VA skin diseases examination report, the VA examiner opined that it would be speculative to render an opinion as to the relationship of the present skin findings of dry skin with thickening and cracking in the folds of the palms of the Veteran's hands to his exposure to cold while serving in Germany. The examiner noted that medical literature research showed no mention of xerosis being a sequela of cold injury. In addition, the examiner noted that although the Veteran reported continuous symptoms, "there has not been a continuum of medical information within the chart to indicate that this condition had its onset while in service." 

In July 2011 correspondence, Dr. CP noted that he began treating the Veteran for frostbitten hands beginning in August 1959.

In a September 2012 VA addendum opinion, the VA examiner opined that it would be speculative to contribute the Veteran's chronic skin condition that resulted in the residual roughness and dryness of the skin on his palms to a cold injury during service. The examiner noted that his research of medical literature showed "no indication that this skin condition is contributed to cold injury." 

In a December 2012 private treatment note, Dr. CP noted that the Veteran's xerosis had been a "chronic finding since the late 1950's, as a result of his frost-bitten (sic) hands while on active duty in Germany."

Finally, in an April 2013 VA addendum opinion, the VA examiner stated that he reviewed the conflicting medical evidence of record. He provided the following opinion:

There is no new information regarding the onset or treatment of this [V]eteran's skin condition. There is no documentation of the reported incident the [V]eteran described while stationed in Germany. There is no evidence of treatment rendered. The [V]eteran does have a chronic skin condition that has resulted in the residual roughness and dryness of the skin of his palms... In research of medical literature, there is no indication that this skin condition is contributed to cold injury. However, contact dermatitis if not treated effectively, the individual skin may become very irritated, with skin thickening and changes in color. Secondary infections can occur. This is the presentation the [V]eteran presents. In my opinion, to contribute this [V]eteran's current skin condition to his reported cold injury without documentation of exposure or treatment would be speculative."

In reviewing the various opinions of record, the Board concludes that there is a reasonable doubt as to whether the Veteran's current skin disorder is related to his frostbite of the hands in service. The Veteran's treating physician statements support the Veteran's assertions of onset during service with continuous symptoms since that time. The VA opinions do not address these competent and credible lay statements or the private medical opinions. Under the benefit-of-the-doubt rule, for the Veteran to prevail, there need not be a preponderance of the evidence in his favor, but only an approximate balance of positive and negative evidence; the preponderance of the evidence must be against the claim for the benefit to be denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Given the evidence of record, such a conclusion cannot be made. Thus, in resolving all reasonable doubt in the Veteran's favor, service connection for residuals of frostbite to the hands is warranted. 38 C.F.R. § 3.102.


ORDER

New and material evidence having been submitted, the claim of entitlement to service connection for the residuals of frostbite to the hands is reopened.

Subject to the provisions governing the award of monetary benefits, service connection for xerosis and dermatitis of the hands as the residuals of frostbite is granted.




____________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs