﻿Citation Nr: 18106781
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 15-06 411
DATE: May 31, 2018
ORDER
Entitlement to service connection for posttraumatic stress disorder (PTSD) is dismissed.
New and material evidence having been received, the claim of entitlement to service connection for bilateral hearing loss is reopened. The appeal is allowed to this extent.
New and material evidence having been received, the claim of entitlement to service connection for tinnitus is reopened. The appeal is allowed to this extent.
REMANDED
Entitlement to service connection for bilateral hearing loss is remanded.
Entitlement to service connection for tinnitus is remanded.
Entitlement to service connection for intervertebral disc syndrome (low back disability) is remanded.
Entitlement to service connection for a stomach disability is remanded.
Entitlement to service connection for an esophagus disability is remanded.

Entitlement to service connection for a cervical spine disability, to include as secondary to service-connected left knee disability is remanded.
Entitlement to an evaluation in excess of 30 percent for residuals of a left total knee replacement, for the period on and after November 1, 2017, is remanded.
Entitlement to an initial evaluation in excess of 10 percent for anxiety disorder for the period prior to February 27, 2017, and in excess of 50 percent thereafter is remanded.
Entitlement to a total disability rating due to individual unemployability (TDIU) is remanded.
FINDINGS OF FACT
1. At the February 2018 Board videoconference hearing, the Veteran, through his representative, requested to withdraw the issue of entitlement to service connection for PTSD.
2. In a decision dated July 2009, the Regional Office (RO) denied the Veteran’s claim of entitlement to service connection for bilateral hearing loss. The Veteran was notified of the decision and did not appeal.
3. In a decision dated December 2013, the Board denied the Veteran’s claim of entitlement to service connection for tinnitus. The Veteran was notified of the decision and did not appeal.
4. Evidence added to the record since the unappealed RO and Board decisions denying entitlement to service connection for bilateral hearing loss and tinnitus is not cumulative or redundant of the evidence of record at the time of the decision and raises a reasonable possibility of substantiating the Veteran’s claims.
CONCLUSIONS OF LAW
1. The criteria for withdrawal of a substantive appeal on the issue of entitlement to service connection for PTSD have been met and the appeal as to this issue is withdrawn. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).
2. The July 2009 rating decision denying service connection for bilateral hearing loss is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.104, 20.204, 20.302, 20.1103 (2017).
3. The December 2013 Board decision denying service connection for tinnitus is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.104, 20.204, 20.302, 20.1103.
4. New and material evidence has been presented to reopen claims of entitlement to service connection for bilateral hearing loss and tinnitus. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(a) (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active duty service from March 1971 to December 1973. In December 2013, the Board granted service connection for a left knee disability, denied service connection for tinnitus, and remanded the issue of entitlement to a higher initial evaluation for an acquired psychiatric disorder. During development, the Veteran raised several additional claims, which have since been merged into the current appellate stream. In February 2018, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.
1. Entitlement to service connection for posttraumatic stress disorder (PTSD). 
Under 38 U.S.C. § 7105, the Board may dismiss any appeal which fails to allege a specific error of fact or law in the determination being appealed. A substantive appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. §§ 20.202, 20.204(b) (2017). Except for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing. 38 C.F.R. § 20.204(c).
In the present case, at the February 2018 hearing, the Veteran, through his representative, withdrew from consideration the issue of entitlement to service connection for PTSD. Accordingly, the Board does not have jurisdiction to review the appeal on this issue, and it is dismissed.
2. Whether new and material evidence has been received sufficient to reopen the claim of entitlement to service connection for bilateral hearing loss and/or tinnitus.
In a July 2009 rating decision, the RO denied entitlement to service connection for bilateral hearing loss. In a December 2013 Board decision, his claim of entitlement to service connection for tinnitus was denied. The Veteran did not appeal either decision; therefore, these decisions became final. 38 U.S.C. § 7105.
As such, these decisions were the last final denial of the Veteran’s claims of service connection for bilateral hearing loss and tinnitus. In pertinent part, the Veteran filed a claim to reopen these previously denied issues in early 2015. His claim was again denied by a rating decision dated May 2015, which he later timely appealed.
When a claim to reopen is presented VA must first determine whether the evidence presented or secured since the last final disallowance of the claim is new and material. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a). New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156. 
The evidence need not relate to the specific reason why the claim was last denied; rather it need only relate to any unestablished fact necessary to substantiate the claim. See Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, including by triggering VA’s duty to assist. Id. 
At the time of the July 2009 rating decision and December 2013 Board decision, the evidence of record included in part, the Veteran’s service treatment records, service personnel records, and VA treatment records. After the Veteran filed his new claim in 2015, the Veteran testified that these conditions had worsened and indicated a willingness to undergo a new VA audiological examination. He also reported that he has experienced ringing in his ears since service. The Veteran’s testimony, presumed credible, and the evidence of medical treatment for hearing problems, raises a reasonable possibility of substantiating the claim by triggering the VA’s duty to assist. Accordingly, these claims are reopened. 38 U.S.C. § 5108.
REASONS FOR REMAND
1. Entitlement to service connection for bilateral hearing loss is remanded.
As discussed above, the Board has reopened the Veteran’s claim for this issue.
The Veteran’s most recent and pertinent VA audiological examination took place in January 2013. The Veteran was diagnosed with bilateral hearing loss but no etiological opinion was provided.
The Veteran has since stated that his hearing loss has worsened. Given this and the substantial period of time that has elapsed since his previous examination, a new VA examination is warranted.
2. Entitlement to service connection for tinnitus is remanded.
Again, the Board has reopened the claim for this issue.
The Veteran’s most recent and pertinent VA audiological examination occurred in January 2013. The Veteran was diagnosed with tinnitus, but the examiner opined that the tinnitus is less likely than not caused by or a result of service. The examiner reasoned that the Veteran’s service records were silent as to any complaints of tinnitus at his separation from service.
The Veteran has since complained of additional ringing in his ears which onset during service. The Board finds the January 2013 VA examiner’s opinion to be inadequate for rating purposes at this time. As such, a new VA examination is warranted.
3. Entitlement to service connection for intervertebral disc syndrome (low back disability) is remanded.
Initially, the Board observes that the Veteran’s service records are silent as to complaints of or treatment for a low back injury.
The Board further observes that the Veteran has received some VA treatment for low back pain, and it appears that he has been diagnosed with intervertebral disc syndrome. 
In February 2018, the Veteran testified that he first injured his back when he was surprised by a snake that jumped out at him while he was lifting crates. 
The Board notes that the Veteran has never received a VA examination for his claimed low back disability. Thus, a VA examination would help shed considerable light on his claim. 
4. Entitlement to service connection for a stomach disability is remanded.
Initially, the Board observes that the Veteran’s service records reveal some complaints of stomach pain.
The Board further observes that the Veteran has been diagnosed with gastroesophageal reflux disease (GERD) and Barret’s esophagus. 
In February 2018, the Veteran testified that he had stomach pain in service and vomited frequently. 
The Board notes that the Veteran has never received a VA examination for his claimed stomach disability. It is also unclear whether the Veteran has a stomach disability for VA purposes. As such, a VA examination would be helpful in resolving this issue. 
5. Entitlement to service connection for an esophagus disability is remanded.
As noted above, the Veteran has been diagnosed with both GERD and Barret’s esophagus. The Board further notes that he has never received a VA examination for his claimed esophagus disability. Therefore, a VA examination is necessary to resolve this issue as well. 
6. Entitlement to service connection for a cervical spine disability, to include as secondary to service-connected left knee disability is remanded.
The Veteran’s most recent and pertinent VA examination for a cervical spine disability took place in November 2014. The VA examiner diagnosed the Veteran with degenerative arthritis of the cervical spine. However, the examiner determined that the Veteran’s cervical spine disability is less likely than not due to or the result of his service-connected left knee disability. Instead, the examiner attributed the Veteran’s cervical spine disability to the aging process and regular activities of daily living. 
Given the VA examiner’s limited rationale, the Board finds the November 2014 VA examination to be inadequate for rating purposes. Moreover, an opinion as to direct service connection was not provided. A new VA examination is thereby necessary.
 
7. Entitlement to an initial evaluation in excess of 30 percent for the residuals of a left total knee replacement for the period prior on and after November 1, 2017, is remanded.
The Veteran has recently undergone a left total knee replacement. A temporary total evaluation due to convalescence from a left knee replacement was assigned from September 30, 2016 to November 1, 2017 and that period is not subject to the present appeal. At the hearing before the undersigned, the Veteran and his representative indicated that there was satisfaction with the rating assigned prior to the knee replacement surgery, and that the issue on appeal should be for a post-operative rating in excess of 30 percent.
In February 2018, the Veteran testified that his left knee disability has worsened and that he has fallen several times when his knee gives out. A new VA examination is warranted to determine the severity and current manifestations of his left knee disability. 
8. Entitlement to an initial evaluation in excess of 10 percent for anxiety disorder for the period prior to February 27, 2017, and in excess of 50 percent thereafter is remanded.
Here, the Board also acknowledges that his anxiety disorder has resulted in staged evaluations. 
The Veteran’s evaluation was most recently increased to 50 percent disabling, effective February 27, 2017. According to a February 2018 rating decision, this evaluation was assigned at least in part based on results of a December 2017 VA examination. Unfortunately, the Board cannot locate this examination in the Veteran’s electronic claims file.
Therefore, the RO should make all attempts to locate this VA examination and associate the report with his electronic claims file. If it cannot be located, another VA examination may be warranted. 
9. Entitlement to a total disability rating due to individual unemployability (TDIU) is remanded.
Finally, because a decision on the remanded issues could significantly impact a decision on the issue of entitlement to a TDIU, these issues are inextricably intertwined. A remand of the claim for a TDIU is required.
The matters are REMANDED for the following action:
1. Undergo additional attempts to locate and/or associate the report from the Veteran’s apparent December 2017 VA mental health examination with his electronic claims file. It should be noted that an additional VA examination may be necessary if the prior report cannot be obtained. 
2. Schedule the Veteran for VA examinations with examiners of appropriate expertise in order to determine the nature and etiology of the Veteran’s claimed bilateral hearing loss, tinnitus, low back disability, stomach disability, esophagus disability, and cervical spine disability. The examiners are to be provided access to the Veteran’s electronic claims file. They are requested to review all pertinent records associated with the claims file, the Veteran’s service treatment records, post-service medical records, and the Veteran’s own assertions. Any indicated diagnostic tests and studies should also be accomplished. 
It should be noted that the Veteran is competent to attest to factual matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiners should provide a fully reasoned explanation.
(a) The VA examiners must opine whether it is at least as likely as not, i.e., is there a 50/50 chance, that the Veteran’s claimed bilateral hearing loss, tinnitus, low back disability, stomach disability, esophagus disability, and cervical spine disability manifested in service or is otherwise causally or etiologically related to his military service. 
(b) If not directly related to service, the appropriate examiner should offer an opinion as to whether it is at least as likely as not (50 percent or higher degree of probability) that the Veteran’s cervical spine disability is caused by his service-connected left knee disability.
(c) That examiner should then opine whether the cervical spine disability is aggravated (i.e., permanently worsened beyond the normal progression of that disease) by his service-connected low back disability.
Additionally, the VA audiological examiner should indicate whether the hearing loss is the type typically seen in cases of acoustic trauma, or is more likely due to advancing age, infection, or other cause, including post-service noise exposure. All prior reports should be reconciled, as necessary. 
All examination findings/testing results, along with complete, clearly-stated rationale for the conclusions reached, must be provided.
3. Schedule the Veteran for an examination of the current severity of his service-connected left knee disability. The examiner must test the Veteran’s active motion, passive motion, and pain with weight-bearing and without weight-bearing. The examiner must also attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to the left knee disability alone and discuss the effect of the Veteran’s left knee disability on any occupational functioning and activities of daily living. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner does not have the knowledge or training.
4. After the development requested has been completed, the Agency of Original Jurisdiction (AOJ) should review any report to ensure that it is in complete compliance with the directives of this remand, and adjudicate the issue of entitlement to a TDIU. If the report is deficient 
 
in any manner, the AOJ must implement corrective procedures at once.

 
MICHAEL D. LYON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Miller, Associate Counsel