LANCE, Judge, filed an opinion concurring in the result.
LANCE, Judge, concurring in the result:
Although I agree that the appellant may be entitled to an earlier effective date in this case, I believe that the majority is using an unnecessarily difficult analysis to get there. In my view, we should simply apply 38 U.S.C. § 5110(a) as written. The statute limits the effective date only by “the facts found” and “the date of receipt of the application.” The Secretary seeks to add an additional limitation in cases where the claim is granted on a secondary basis. However, the Secretary is not free to add conditions beyond those set forth by Congress. See Felton v. Brown, 7 Vet.App. 276, 282 (1994) (“[A] regulation may not amend a statute.”).
The Secretary bases his argument on 38 C.F.R. § 3.400 (2011), which limits an effective date by “the date entitlement arose.” The majority treats this as an interpretation of the “facts found” language in section 5110(a). However, a determination of the legal limitations on entitlement is not a matter that is ordinarily considered a “fact” subject to “finding.” Rather it is an issue of law. Cf. Salve Regina Coll. v. Russell, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (holding that a determination about an unsettled question of State law is not a factual issue to be reviewed by an appellate court for clear error, but rather is reviewed de novo). Therefore, the majority’s construction is unnatural and I do not believe that the effective date for a secondary condition should be limited to that of the primary condition in the very rare case where a veteran happens to apply for service connection for the secondary condition first.
Not only is this the correct outcome under the law, but it is also more efficient and avoids an unnecessary burden on VA. As the majority opinion notes, ante at 50, the appellant argues in the alternative that his peripheral neuropathy should have been granted service connection on a direct basis. Aside from that argument, the appellant could also assert that his diabetes could have been granted service connection on a direct basis. A correct application of the law moots any need to determine which theory is the more accurate basis for an award of service connection. The majority opinion puts the burden on VA to determine the proper effective date in a case to address *63 difficult issues of direct service connection in cases where presumptive service connection already applies. For these reasons, I would decide this case on this much simpler basis.
Even though I believe the majority’s opinion is unnecessarily complicated, I would note for the Board and practitioners that, as I read it, the duty to sua sponte investigate whether a primary condition is related to service is only triggered when the evidence satisfies the McLendon standard. McLendon v. Nicholson, 20 Vet.App. 79, 81-86 (2006). As I argued in Shade and as is stated in Robinson, if the evidence is insufficient to grant a claim, then the crucial issue is whether the duty to assist has been triggered. Shade v. Shinseki, 24 Vet.App. 110, 124 (Lance, J., concurring); Robinson v. Peake, 21 Vet.App. 545, 553 (2008).
There is an unfortunate — and not entirely unfounded — belief that veterans law is becoming too complex for the thousands of regional office adjudicators that must apply the rules on the front lines in over a million cases per year. Whatever the merits of such arguments may be, clear guidance from the courts is a virtue for any system struggling to accurately decide a huge volume of cases. Thus, I encourage readers not to be misled by the apparent complexity of the majority opinion. See Cohen v. Brown, 10 Vet.App. 128, 152 (1997) (Nebeker, C.J., “concurring, by way of synopsis”). When it is stripped down to its foundations, it is simply another application of the important standard that defines when the Secretary must obtain additional medical evidence before deciding a claim. Accordingly, I would encourage both the Secretary and practitioners to focus on the McLendon standard whenever there is a question about whether an additional theory should have been addressed and investigated regardless of novel facts that may seem to dress up the problem as a new issue.
Although the majority argues that my analysis ignores binding caselaw, ante nn. 7, 9, the cases that the majority cites, Ellington and Livesay, both supra, are not controlling as they addressed the regulation but did not address the specific issue that is presented here and therefore, they are not binding on the issue. See United States v. County of Cook, Illinois, 170 F.3d 1084, 1088 (Fed.Cir.1999) (stating that pri- or decisions of the Federal Circuit that did not squarely address an issue are not binding precedent); Nat’l Cable Television Ass’n v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1581 (Fed.Cir.1991) (“When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises.”).
Ultimately, the choice to limit the effective date of a claim to the date the claim was filed is an artificial line chosen by Congress to balance compensating veterans with controlling the overall cost of benefits. There is simply no need for the Secretary or the Court to add additional restrictions. In some cases, the overly complicated ruling of the majority will reach the correct result. However, there will still be cases where the claim for service connection is processed separately and becomes final before the secondary condition is identified as such. The majority decision unnecessarily limits the effective date available in such cases, rare as they might be. Accordingly, I respectfully disagree with the majority’s rationale.