http://www.va.gov/vetapp16/Files3/1626424.txt

Citation Nr: 1626424 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 13-34 426 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUE

Whether new and material evidence has been submitted to reopen a claim for a head injury and facial scars. 

REPRESENTATION

Appellant represented by: California Department of Veterans Affairs

WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's sister

ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel

INTRODUCTION

The Veteran had active service in the United States Navy from April 1987 to April 1988.

This matter comes to the Board of Veterans' Appeals (Board) from a July 2010 determination of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California.

The Veteran testified at a hearing before the undersigned Veterans Law Judge in May 2015. A transcript of the hearing has been associated with the Veteran's claims file.

The Veteran's appeal was remanded in May 2015 so that he could be provided notice regarding the definition of "new" and "material," the basis for the previous denial, and what the evidence must show in order to reopen his claim for a head injury and facial scars. The Veteran was provided notice and the Board's prior remand directives were substantially complied with. Stegall v. West, 11 Vet. App 268 (1998). As such, this matter has now been properly returned to the Board for appellate consideration. 

FINDINGS OF FACT

1. Service connection for a head injury and facial scars was denied in an April 1989 decision, with a claim to reopen in June 1994; these decisions were not appealed.

2. Evidence received since the June 1994 decision regarding a head injury and facial scars is cumulative of the evidence of record at the time of the last prior final denial, and does not raise a reasonable possibility of substantiating the Veteran's claim.

CONCLUSIONS OF LAW

1. The unappealed June 1994 rating decision that denied reopening the claim for service connection for a head injury and facial scars is final. 38 U.S.C.A. §§ 7105 (West 2014); 38 C.F.R. §§ 20.302, 20.1103 (2015).

2. New and material evidence has not been submitted, and the Veteran's claim of entitlement to service connection for a head injury and facial scars is not reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

II. Reopening the Claims

The Veteran seeks to reopen his previously denied claims of service connection for a head injury and facial scars.

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

The Veteran was originally denied service connection for a head injury and facial scars in an April 1989 decision. At that time the service records showed that the Veteran was arrested by shore police for being heavily intoxicated and sustained a fall on quarterdeck causing a wound to his forehead. Treatment records show that the Veteran was given a breathalyzer examination and his BAC was .19. The Veteran's claim was denied on the basis that the injuries he sustained during service in March 1988 were incurred as a result of his own willful misconduct.

The Veteran's claim to reopen was denied in June 1994. In their decision, the RO considered service records dated from April 1987 to April 1988, the Veteran's report of accidental injury dated March 14, 1989, as well as a statement made by the Veteran in March 1994 which indicated that since his in-service injury, his condition had gotten worse as he was experiencing severe headaches and emotional and mental problems. 

Rating actions are final and binding based on evidence on file at the time the Veteran is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). The Veteran has one year from notification of an RO decision to initiate an appeal by filing a notice of disagreement (NOD) with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105(b), (c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, 20.302(a).

In this case, the Veteran did not file an NOD with the prior decisions regarding his head injury and facial scars, nor did he submit additional evidence within one year. Therefore, these decisions are final. 

Where a claim of entitlement to service connection has been previously denied and that decision has become final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C.A. § 5108 (West 2014). 

In making this determination, the Board must review all of the evidence submitted since the last final rating decision. New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 30 C.F.R. § 3.156(a). 

The United States Court of Appeals for Veterans Claims (Court) has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. New evidence will raise a reasonable possibility of substantiating the claim if, when considered with the old evidence, it would at least trigger the Secretary's duty to assist by providing a medical opinion. Shade v. Shinseki, 24 Vet. App. 110 (2010). 

Here, the evidence added to the record does not relate to the issue of what caused the Veteran's head injury or facial scars. Specifically, the Veteran has submitted treatment records regarding his back condition, which are not germane to the issue of head injury or facial scars. The Veteran has also submitted treatment records from his time in a correctional facility, which do not pertain to his head injury or facial scars. The Veteran has also submitted private treatment records dated December 2015 and from July 2015 to October 2015 regarding his bipolar condition, which the Veteran has asserted began after his head injury. While the Board recognizes that these records relate to the injury the Veteran incurred in service (a head injury), they do not relate to the cause of the Veteran's head injury or facial scars, specifically, whether the Veteran's head injury and scars are related to his military service or are a result of his willful misconduct.

The Board acknowledges the Veteran's testimony and contentions in which he maintains that his feet were kicked out from underneath him by shore police while his arms were handcuffed behind his back and that he had been drinking on the night of his injury, but he was not drunk. While the Board is sympathetic to the fact that the Veteran was injured during his encounter, unfortunately, this information is cumulative of the assertions the Veteran previously made. Accordingly, because this evidence is cumulative and has previously been considered, the Veteran's claim to reopen must be denied. 

ORDER

As new and material evidence has not been presented, the claim of service connection for a head injury and facial scars is not reopened, and the appeal must be denied. 

____________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs