﻿Citation Nr: 18107543
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 15-04 133A
DATE: June 4, 2018
ORDER
The appeal to reopen a claim of service connection for schizophrenia is denied.
FINDINGS OF FACT
1. An unappealed July 2009 rating decision denied service connection for schizophrenia, based essentially on a finding that the appellant’s inactive duty for service (INACDUTRA) was not qualifying service to establish service connection for a disease such as schizophrenia. 
2. Evidence received since the July 2009 rating decision does not tend to show that the appellant had qualifying service to establish service connection for disability other than due to an injury, and specifically for a disease such as schizophrenia; does not relate to an unestablished fact necessary to substantiate the claim of service connection for schizophrenia; and does not raise a reasonable possibility of substantiating such claim.
CONCLUSION OF LAW
New and material evidence has not been received, and the claim of service connection for schizophrenia may not be reopened. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.156(a).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The appellant’s DD 214 reflects that he served on INACDUTRA in the Army National Guard from May 31, 1988 to October 31, 1988. At the October 2017 Travel Board hearing, he requested and was granted a 30-day abeyance period for the submission of additional evidence; no additional evidence was received
Whether new and material evidence has been received to reopen a claim of service connection for schizophrenia is denied.
The appellant contends that his mental disease began during his advanced individual training (AIT) and his regular weekend duty, and was unable to remain in service due to schizophrenia.
Generally, when a claim is disallowed, it may not be reopened and allowed, and a claim based on the same factual basis may not be considered. 38 U.S.C. § 7105. However, a claim on which there is a final decision may be reopened if new and material evidence is submitted. 38 U.S.C. § 5108.
“New” evidence means existing evidence not previously submitted to agency decision-makers. “Material” evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is to be presumed. Fortuck v. Principi, 17 Vet. App. 173, 179-80 (2003).
The U.S. Court of Appeals for Veterans Claims (CAVC) has held that the requirement of new and material evidence raising a reasonable possibility of substantiating the claim is a low threshold requirement. The CAVC interpreted the language of 38 C.F.R. § 3.156(a) and viewed the phrase “raises a reasonable possibility of substantiating the claim” as “enabling rather than precluding opening”. See Shade v. Shinseki, 24 Vet. App. 110 (2010).
Compensation is payable (service-connection is warranted) for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C. § §§ 1110, 1131. Active military, naval, or air service includes any period of active duty for training (ACDUTRA) during which the individual was disabled or died from a disease or injury incurred in or aggravated in line of duty, or any period of inactive duty training (INACDUTRA) during which the individual concerned was disabled or died from injury incurred in or aggravated in line of duty. 38 U.S.C. § 101(21), (24); 38 C.F.R. § 3.6(a),(d). 
The appellant’s theory of entitlement to service connection for schizophrenia is that it was incurred during a period of INACDUTRA service with the Army National Guard. INACDUTRA service is considered active duty service (qualifying for an award of service connection) when only disability due to injury was incurred or aggravated in line of duty therein; it is not qualifying service to establish service connection for a disease (such as schizophrenia). 38 U.S.C. § 101(24). 
A July 2009 rating decision denied the appellant service connection for schizophrenia, based essentially on a finding that he lacked the type of service that was qualifying to establish service connection for a disease such as schizophrenia. New and material evidence was not received within one year following that decision, and it became final. 38 U.S.C. § 7105.
The evidence of record at the time of the July 2009 rating decision included the appellant’s lay statements, private treatment records documenting treatment for schizophrenia, and an April 2009 formal finding of unavailability of the appellant’s service records.
Evidence received since the July 2009 rating decision includes VA and private treatment records documenting ongoing treatment for schizophrenia, Social Security Administration records, and lay statements and the appellant’s hearing testimony.
Because service connection for schizophrenia was previously denied based on a finding that the appellant lacked qualifying service to establish service connection for such disease, for evidence to be new and material in this matter, it would have to tend to show either that he had other than INACDUTRA service, or that his schizophrenia was disability due to injury, not a disease.
It has not been in dispute that the appellant has schizophrenia (that may or may not have had onset during his INACDUTRA service). His lay statements describing onset of schizophrenia symptoms during his INACDUTRA service, treatment records and his reports of ongoing postservice treatment for schizophrenia, and his assertions relating his schizophrenia to his INACDUTRA service are not material evidence. They do not tend to show that he had service other than INACDUTRA that would be considered active duty service qualifying to establish service connection for a disease (or that schizophrenia is not a disease). 
Nothing received for the record since July 2009 shows or suggests that the appellant had service other than INACDUTRA, which would be qualifying to establish service connection for schizophrenia. Therefore, the Board must find that the additional evidence received since July 2009 does not pertain to an unestablished fact necessary to substantiate the claim of service connection for schizophrenia; does not raise a reasonable possibility of substantiating such claim; and is not new and material. 

Accordingly, the claim of service connection for schizophrenia may not be reopened.
 
GEORGE R. SENYK
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD D. Schechner, Counsel