﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190622-10760
DATE: May 29, 2020

ORDER

New and relevant evidence has not been received, and readjudication of the claim for service connection for renal carcinoma is not warranted; the appeal is denied.

REMANDED

Service connection for hypertension, to include as a result of exposure to herbicides, is remanded.

FINDINGS OF FACT

1. A petition to reopen a previously denied service connection for renal carcinoma was most recently denied in an unappealed November 2017 rating decision.

2. The evidence associated with the claims file following the November 2017 denial of a petition to reopen the Veteran’s claim for service connection for renal carcinoma is not new and relevant, and readjudication of the claim is not warranted.

CONCLUSIONS OF LAW

1. The November 2017 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. § 3.160(d).

2. The evidence received since the final November 2017 rating decision is not new and relevant, and readjudication of the claim of entitlement to service connection for renal carcinoma is not warranted. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the United States Army from February 1969 until January 1971.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans to seek review on their claims.

In May 2019, a Department of Veterans Affairs (VA) regional office (RO) issued a rating decision that denied the Veteran entitlement to service connection for hypertension and denied a petition to readjudicate the Veteran’s claim for service connection for renal carcinoma. The Veteran timely appealed to the Board of Veterans’ Appeals (Board) and selected the direct review lane. Pursuant to this statutory framework, the Board may review only the evidence of record at the time of the May 2019 rating decision. Therefore, the Board is precluded from reviewing the August 2019, September 2019, December 2019, March 2020, and April 2020 CAPRI submissions, June 2019 internet article, August 2019 VA examination for diabetes mellitus, type II, and a January 2020 lay statement. 

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169(Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)). The new and material evidence issue regarding renal carcinoma has been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2.

Here, most recently, a November 2017 rating decision denied the Veteran’s petition to reopen a claim for service connection for renal carcinoma, which had been initially denied in August 2008. At that time, the record contained the Veteran’s service treatment and personnel records, post-service treatment records, lay statements, and a May 2017 VA examination. The evidence of record at the time of the November 2017 rating decision, including the opinion of the May 2017 VA examiner, showed that the Veteran’s claimed renal carcinoma was not related to his service, as no nexus to service had been shown. The Veteran was notified of the denial, but did not perfect an appeal, and the November 2017 rating decision became final. 38 U.S.C. § 7105(b); 38 C.F.R. §§ 3.104, 20.302, 20.1103.

The question in this case is whether the Veteran submitted evidence after the prior decision, and if so, whether that evidence is new and relevant to his claim.

The Board notes that at the time of the November 2017 rating decision, the RO found that Veteran was diagnosed with renal carcinoma and was presumed exposed to herbicides. The crux of the issue, therefore, is whether or not there is new and relevant evidence submitted regarding a nexus between his current renal carcinoma and service, to include herbicide exposure.

Since the November 2017 denial of the Veteran’s petition to reopen the previously denied claim for service connection for renal carcinoma, VA post-service treatment records, lay statements, and internet articles have been associated with the Veteran’s claims file. In examining these records, the Board finds that no new and relevant evidence establishing a link between the Veteran’s renal carcinoma and his military service has been submitted. 

The Board has reviewed the recent post-service treatment records and the Veteran’s internet article submissions. While new, the medical evidence is not relevant in that it does not prove or disprove a matter at issue within the Veteran’s claim. It merely reaffirms the Veteran’s 2008 diagnosis of renal carcinoma and presumed herbicide exposure while serving in Vietnam. The Board has additionally reviewed the internet articles submitted by the Veteran. While the articles reflect that people exposed to herbicide may have an increased risk of renal carcinoma, the articles are general in nature and do not contain any information or analysis specific to this case. As such, the Board finds that these articles are not relevant to the Veteran’s particular circumstances and do not tend to prove or disprove his claim.

Accordingly, the Board finds that this new evidence is not relevant as it does not prove or disprove a matter at issue. The new evidence, like the old evidence, fails to establish a nexus between the Veteran’s diagnosed renal carcinoma and service; it is merely redundant. 38 U.S.C. § 5108; 38 C.F.R. § 3.156; see also Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Therefore, readjudication of the claim for service connection for renal carcinoma is not warranted, and the claim is denied. See 38 C.F.R. § 3.156(a).

REASONS FOR REMAND

Entitlement to service connection for hypertension, to include as a result of exposure to herbicides, is remanded.

Under the AMA, the Board must remand to the Agency of Original Jurisdiction (AOJ) to correct pre-decisional duty to assist errors, to include those related to examinations. 

Pursuant to McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006), a VA examination is required if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent evidence of a diagnosed disability or symptoms of disability, (2) establishes that the Veteran suffered an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006). The threshold for finding a link between a current disability and service so as to require medical examination is low. Locklear v. Nicholson, 20 Vet. App. 410 (2006).

The Veteran’s post-service treatment records diagnose the Veteran with hypertension. Furthermore, the VA has already conceded that the Veteran was presumed exposed to herbicides while serving in Vietnam. 38 C.F.R. § 3.309(e).

The Board notes that hypertension is not presumptively related to service pursuant to 38 C.F.R. § 3.309(e). However, this does not preclude a Veteran from proving entitlement to service connection directly. Combee v. Brown, 34 F.3d 1039, 1043-1044 (Fed. Cir. 1994). 

Notably, the Board observes that in 2008, the National Academy of Sciences (NAS) concluded that there was “limited or suggestive evidence of an association” between hypertension and herbicide exposure. See 75 Fed. Reg. 32,540, 32,549 (June 8, 2010); 75 Fed. Reg. 81,332, 81,333 (December 27, 2010). However, the Veteran submitted evidence in February 2019 documenting that more recently, NAS has upgraded the relationship between hypertension and herbicide exposure from “limited or suggestive” to “sufficient,” indicating that “there is enough epidemiologic evidence to conclude that there is a positive association” between hypertension and herbicide exposure.

For these reasons, remand is warranted to cure a pre-decisional duty to assist error in that the Veteran has not yet been afforded a VA examination to determine the nature and etiology of his diagnosed hypertension.

The matters are REMANDED for the following action:

Schedule the Veteran for an examination (or telehealth interview, review of the record, or similar action, if in-person examination is not feasible) with an appropriate examiner to determine the nature and etiology of the Veteran’s hypertension. The examiner should fully review the claims file and the directives of this remand. Any indicated diagnostic tests and studies must be accomplished, and all pertinent symptomatology and findings should be reported in detail. The examiner must address the following question:

Whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran’s hypertension began during service, within one year of service separation, or is otherwise related to his active service, including his presumed exposure to herbicides. In rendering this opinion, the examiner must consider and discuss NAS’s Update 2018, which reflects that NAS has placed hypertension in the category of “sufficient,” indicating that “there is enough epidemiologic evidence to conclude that there is a positive association” between hypertension and herbicide exposure. 

All opinions should be based on examination findings, historical records, and medical principles. The examiner should fully articulate a sound reasoning for all conclusions made. If any requested opinion cannot be provided without resorting to mere speculation, the examiner should explain why that is so.

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Finelli, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.