﻿Citation Nr: 19158970
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 08-22 073
DATE: July 30, 2019

ORDER

Reopening of a previously denied claim of service connection for posttraumatic stress disorder (PTSD), is granted. 

Entitlement to service connection for PTSD is granted.

REMANDED

Entitlement to service connection for ischemic heart disease is remanded.

FINDINGS OF FACT

1. Service connection for PTSD was most recently denied in an April 1985 Board of Veterans’ Appeals decision on the grounds that no nexus between a current acquired psychiatric disorder and service was shown; no diagnosis of PTSD was shown.

2. Evidence received since the April 1985 decision addresses an unestablished fact and raises reasonable possibility of substantiating the claim. 

3. Currently diagnosed PTSD is the result of combat experiences during active military service.

CONCLUSIONS OF LAW

1. The April 1985 decision denying service connection for PTSD is final. 38 U.S.C. § 7103 (2012); 38 C.F.R. § 20.1100 (2018).

2. The criteria to reopen the previously denied claim of service connection for PTSD are met. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2018).

3. The criteria for service connection of PTSD are met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from September 1968 to September 1971, including combat service in the Republic of Vietnam. This matter is before the Board of Veterans’ Appeals (Board) on appeal from October 2007 and November 2011 decisions issued by a Department of Veterans Affairs (VA) Regional Office (RO).

In February 2019, the Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ) and a transcript of the proceeding is of record.

New and material

Board decisions are generally final as of the date of issuance and mailing. 38 U.S.C. § 7103; 38 C.F.R. § 20.1100. A final decision cannot be reopened unless new and material evidence is presented. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is “low.” See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Furthermore, consideration is not limited to whether the newly submitted evidence relates specifically to the reason the claim was last denied, but instead should include whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary’s duty to assist or through consideration of an alternative theory of entitlement. Id. at 118. 

Only evidence presented since the last final denial on any basis (either upon the merits of the case, or upon a previous adjudication that no new and material evidence has been presented) will be evaluated in the context of the entire record. Evans v. Brown, 9 Vet. App. 273 (1996). 

For the purpose of establishing whether new and material evidence has been received, the credibility of the evidence, but not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). However, VA is not bound to consider credible the patently incredible. Duran v. Brown, 7 Vet. App. 216

In an unappealed April 1985 rating decision, the Board denied service connection or an acquired psychiatric disorder, to include PTSD, finding that although the Veteran was currently diagnosed with depression and/or anxiety, no nexus to service was shown. There was no evidence of a diagnosis of PTSD. 

Since April 1995, VA treatment records showing a diagnosis of PTSD have been associated with the claims file, as well as numerous statements from the Veteran regarding details of alleged stressor events. This evidence is new and material, and reopening is granted. Adjudication of the Veteran’s claims does not end with the determination that new and material evidence has been received. These matters must now be addressed on a de novo basis.

Service connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection for PTSD requires medical evidence diagnosing the condition; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. If the evidence establishes that the veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the veteran’s service, the veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. If a stressor claimed by a veteran is related to the veteran’s fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran’s symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran’s service, the veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. For purposes of this paragraph, “fear of hostile military or terrorist activity” means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran’s response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. 38 C.F.R. § 3.304 (f).

The Veteran has been diagnosed with major depression, PTSD, and anxiety. The existence of a present disability is established. His July 2003 diagnosis of PTSD was based on stressors. These included seeing his commanding officer’s jeep explode after being hit with a rocket propelled grenade and engaging in a firefight in the jungle that resulted in the deaths of a Vietnamese man and two boys. Enemy fire attacks on the Veteran’s unit during September 1968 have been verified. The Veteran’s stressors are consistent with the circumstances, conditions, and hardships of his service. In-service incurrence of stressors is conceded. 

After enumerating the Veteran’s combat experiences in Vietnam, the July 2003 examiner concluded that the Veteran had been exposed to events during the Vietnam War that are consistent with those required for a diagnosis of PTSD. This positive nexus statement between the Veteran’s current diagnosis and his active duty service is highly probative. Entitlement to service connection for PTSD is granted. 

REASONS FOR REMAND

The Veteran has complained of chest pain and reported a history of heart attacks. There is a notation of cardiac irregularity in his medical records. Due to his service in Vietnam during the Vietnam War, his exposure to herbicide agents is conceded; certain heart cardiovascular conditions are presumed related to such exposure. He has never had an examination to determine if he currently has such a listed condition. Where there is evidence of a current disability and an in-service incident or injury, and the possibility of a nexus between them, remand is required to obtain an examination and medical opinion. 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159 (c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA heart examination; the claims folder must be reviewed in conjunction with the examination. The examiner must identify all current conditions of the heart, and for each must opine as to whether such is at least as likely as not caused or aggravated by military service. They examiner must specify if any diagnosed condition may be categorized as ischemic heart disease.

2. Upon completion of the above, and any additional development deemed appropriate, readjudicate the remanded issue. If the benefits sought remain denied, the Veteran should be provided with a supplemental statement of the case. The case should then be returned to the Board for appellate review if otherwise in order. 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. McDermott, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.