﻿Citation Nr: 19172612
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 15-46 999
DATE: September 18, 2019

ORDER

New and material evidence has been received to reopen the claim of entitlement to service connection for bladder cancer; the appeal is granted to this extent only. 

New and material evidence has not been received, the application to reopen the claim of entitlement to service connection for bilateral hearing loss is denied. 

REMANDED

Entitlement to service connection for bladder cancer, to include as due to herbicide exposure, is remanded.

Entitlement to service connection for residuals of gallbladder removal, to include as due to herbicide exposure, is remanded. 

Entitlement to service connection for skin rash, to include as due to herbicide exposure, is remanded. 

FINDINGS OF FACT

1. The Veteran did not appeal the January 2007 rating decision that denied service connection for bladder cancer and bilateral hearing loss; this decision became final. 

2. Additional evidence received since the final January 2007 rating decision is neither cumulative nor redundant of the evidence previously of record and raises a reasonable possibility of substantiating the claim of service connection for bladder cancer. 

3. Regarding the Veteran’s claim of service connection for bilateral hearing loss, additional evidence received since the final January 2007 rating decision is duplicative or cumulative of the evidence previously of record, does not relate to an unestablished fact necessary to substantiate the claim, and does not raise a reasonable possibility of substantiating the claim. 

CONCLUSIONS OF LAW

1. The January 2007 rating decision denying the Veteran’s claims of entitlement to bladder cancer and bilateral hearing loss is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 

2. New and material evidence has been received to reopen the claim of entitlement to service connection for bladder cancer. 38 U.S.C. § 5108; 38 C.F.R. § 3.156. 

3. New and material evidence has not been received to warrant reopening the claim of entitlement to service connection for bilateral hearing loss. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from November 1968 to February 1970. 

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a September 2014 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Boise, Idaho. 

In a September 2015 rating decision, the RO conceded exposure to herbicide agents. 

In April 2019, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A copy of the proceeding is associated with the electronic claims file. At such time, the undersigned held the record open for 90 days for the receipt of additional evidence; however, none has been received to date. 

The Board notes that additional VA treatment records have been added to the claims file that has not been considered by the Agency of Original Jurisdiction (AOJ). However, review of this evidence reveals that it is cumulative or duplicative of evidence previously of record or related to other disabilities. 

In general, a RO’s determination that is not appealed within one year becomes a final decision, which may only be reopened with a showing of new and material evidence. 38 U.S.C. §§ 5108, 7105.

New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The Board must review all evidence submitted by or on behalf of a claimant since the last final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010). For the purpose of determining whether new and material evidence has been presented to reopen a claim, the evidence for consideration is that which has been presented or secured since the last time the claim was finally disallowed on any basis. Evans, 9 Vet. App. at 285.

 

Bladder Cancer 

The Veteran’s claim of entitlement to service connection for bladder cancer, to include as due to herbicide exposure, was denied in a January 2007 rating decision on the basis that there was no evidence of bladder cancer during service. The RO also denied the Veteran’s service connection claim on a presumptive basis finding that bladder cancer was not a condition found to be related to herbicide exposure. The Veteran did not appeal the January 2007 rating decision, and no evidence was received within one year of the RO decision. 38 C.F.R. § 3.156(b), (c). Accordingly, the January 2007 rating decision became final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

The Board finds that there is a sufficient evidentiary basis to reopen the claim of entitlement to service connection for bladder cancer. New evidence received since the last final denial includes updated VA and private treatment records, the Veteran’s statements, and a July 2015 private medical opinion. The Board finds that the submitted evidence constitutes new and material evidence which directly relates to an unestablished fact necessary to substantiate the Veteran’s claim. Accordingly, as new and material evidence has been received, the Board finds that the claim of service connection for bladder cancer is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a).

Bilateral Hearing Loss 

The Veteran’s claim of entitlement to service connection for bilateral hearing loss was denied in a January 2007 rating decision. At that time, the record showed that the Veteran had a hearing loss disability for VA purposes, but that it was unrelated to his military service because there were no complaints of hearing loss during service and his hearing was normal at separation. See January 2007 VA examination report. The Veteran’s assertion regarding a relationship to in-service exposure to firearms without hearing protection was considered but was found less likely by the VA examiner. The Veteran did not appeal the January 2007 rating decision, and no evidence was received within one year of the RO decision. 38 C.F.R. § 3.156(b), (c). Accordingly, the January 2007 rating decision became final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

Evidence considered since the last final rating decision in January 2007 includes recent VA treatment records as well as lay statements from the Veteran and the Veteran’s wife and friend. The Board notes that because the claim of service connection for bilateral hearing loss was previously denied on the basis of lack of nexus to service, for evidence to be new and material, it would have to show that the Veteran’s hearing loss is related to service. However, the record does not contain a positive nexus showing a relationship between the Veteran’s current bilateral hearing loss and service, nor does the newly received medical treatment records suggest any other relationship to service. 

In sum, the Board finds that the above cited evidence is either duplicative or cumulative of the evidence previously of record, or, if new, is either not relevant to the claim of service connection for bilateral hearing loss or does not provide a reasonable possibility of substantiating the claim. Under these circumstances, the Board concludes that, even when considering the “low threshold” for determining whether evidence is new and material, the criteria for reopening the claim of service connection for bilateral hearing loss have not been met. Shade, 24 Vet. App. 110.

REASONS FOR REMAND

Although further delay is regrettable, the Board finds that additional development is necessary prior to appellate review. Specifically, the Veteran has not been afforded a VA examination in relation to his claims of entitlement to service connection for bladder cancer, residuals of gallbladder, and skin rash. 

VA will provide a medical examination when there is: (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service or establishing that certain diseases manifested during an applicable presumptive period for which the veteran qualifies; and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability; but insufficient competent medical evidence on file for VA to make a decision on the claim. See 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4)(i); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

The Veteran contends that his bladder cancer, residuals of gallbladder removal, and skin rash are due to service, to include herbicide exposure.

The Veteran’s private medical treatment records note a history of bladder cancer. In July 2015, the Veteran submitted a private medical opinion from Dr. M.P., who opined that the Veteran’s bladder cancer may be at least as likely as not caused by in-service Agent Orange exposure. No further explanation or rationale was provided. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two.)

Regarding residuals of gallbladder, the Veteran’s March 2013 VA medical treatment records indicate that he underwent a cholecystectomy after reporting abdominal pain and weakness. At the time the physician noted that the Veteran was acutely jaundiced. 

Furthermore, the Veteran contends that his skin rashes had their onset in Vietnam and have continued and off to the present. His 2009 and 2011 VA treatment records as well as his 2010 private treatment record note treatment for scattered skin rashes, specifically under his under arms and on his upper trunk.

The Board finds that the low provision for a VA examination has been met. Accordingly, a remand is needed in order to provide the Veteran with a VA examination in conjunction with his claims.

The matters are REMANDED for the following action:

1. Obtain updated VA treatment records. 

2. Thereafter, schedule the Veteran for a VA examination with an appropriate medical professional to determine the nature and etiology of his bladder cancer, residuals of gallbladder removal, and any skin rash. The Veteran’s claims file and a copy of this remand should be provided to the examiner and the report should reflect that these items were reviewed. 

The examiner is asked to provide an opinion as to following: 

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s bladder cancer is etiologically related to active service, to include conceded herbicide exposure; 

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s residuals of gallbladder removal are etiologically related to active service, to include conceded herbicide exposure; and 

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s skin rash is etiologically related to active service, to include conceded herbicide exposure?

In answering the above questions, the examiner is asked to not rely solely on whether the diseases are one for which a “presumption” is established and, instead, state whether they are the result of herbicide exposure even though they are not on the list of “presumptive” diseases. 

The examiner should specifically address the Veteran’s contention that his skin rash began in service and that he has continued to experience this skin rash on and off since service. 

(CONTINUED ON NEXT PAGE)

A complete rationale must be provided for any opinion offered. If an opinion cannot be offered without resort to mere speculation, the examiner must indicate why this is the case and indicate what additional evidence, if any, would provide a more definitive opinion. 

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Robinson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.